00-00006, 00007, 00008, 00009 & 00010 Aguirre v State of Texas.wpd



Nos. 04-00-00006-CR; 04-00-00007-CR; 04-00-00008-CR;


04-00-00009-CR & 04-00-00010-CR


Alfred AGUIRRE,

Appellant


v.


The STATE of Texas,

Appellee


From the 186th Judicial District Court, Bexar County, Texas

Trial Court Nos. 93-CR-6787; 93-CR-6788; 93-CR-6789;

93-CR-6790 & 93-CR-6791

Honorable Sam Katz, Judge Presiding


Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 13, 2000


AFFIRMED

 Alfred Aguirre was charged with three counts of delivery of cocaine and two counts of
delivery of heroin. Aguirre pled guilty to each charge and was placed on deferred adjudication
probation for ten years for each offense, the probation terms to run concurrently. The trial court
amended the conditions of Aguirre's probation several times over the next several years. The State
later moved to revoke probation and adjudicate guilt in each case, alleging Aguirre had violated a
condition of his probation. Aguirre pled "true" to the alleged violations. The trial court accepted
Aguirre's pleas, revoked supervision, adjudicated Aguirre guilty for each offense, and sentenced him
to ten years in prison for each offense, the terms to run concurrently. The trial court suspended
Aguirre's sentences, placing him on regular probation. The State subsequently moved to revoke
Aguirre's regular probation, alleging another violation of his probation. At the second revocation
hearing, Aguirre again pled "true." The trial court accepted Aguirre's pleas, revoked supervision,
and, pursuant to Aguirre's request, sentenced him to eight years in prison for each offense, the terms
to run concurrently. 

 On appeal, Aguirre brings forward one point of error in which he challenges the voluntariness
of his pleas of guilty and pleas of true on the basis that he is mentally retarded and thus his pleas were
not knowingly and intelligently entered. (1) We overrule Aguirre's sole point of error and affirm the trial
court's orders of revocation.

Voluntariness of Pleas


 We are without jurisdiction to entertain Aguirre's complaint to the extent he challenges the
voluntariness of both his guilty pleas in his original plea proceeding and his pleas of "true" at the
adjudication hearing. Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999) controls the
disposition of Aguirre's argument regarding his guilty pleas. In Manuel, the Court of Criminal
Appeals held that "a defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding . . .only in appeals taken when deferred adjudication
community supervision is first imposed. Id. at 661-62. Because Aguirre, like the appellant in
Manuel, could have appealed from the orders placing him on deferred adjudication probation, and
could have argued at that time that his pleas were involuntary, he cannot now raise the issue in this
appeal of the revocation orders. See id. And because no appeal may be taken from the trial court's
decision to proceed with an adjudication of guilt on deferred adjudication, see Tex. Code Crim.
Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2000), we also lack jurisdiction over Aguirre's
complaint that his pleas of "true" at the adjudication hearing were involuntary. See Connolly v. State,
983 S.W.2d 738, 740-41 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992).

 Aguirre may, however, challenge the voluntariness of his pleas of "true" entered at the hearing
to revoke his regular probation. As noted, Aguirre argues his mental retardation rendered his pleas
involuntary. Finding no record support for such a contention, we reject it.

 The record reflects that Aguirre appeared before the trial court and understood the nature of
the State's allegations before entering pleas of "true." The trial court, having the opportunity to
observe Aguirre, accepted his pleas. Although the State recommended a seven-year sentence,
Aguirre asked to be sentenced to eight years of confinement. Aguirre indicated that he understood
the nature of his request and that he was freely and voluntarily making it. When further asked
whether he was being threatened or forced into requesting an additional year of imprisonment,
Aguirre responded in the negative. Nothing in our record evidences that Aguirre is either mentally
retarded or did not understand the nature of the revocation proceeding or the import of his pleas.
While his request for an additional year of imprisonment may be unusual, it does not, standing alone,
confirm Aguirre's allegations. We further note that the transcription from the original plea hearing
reflects that Aguirre responded to the trial court's questioning, evidencing a basic understanding of
the charges and the proceeding.

 Because the record contains no evidence that his pleas of "true" were entered involuntarily,
we overrule Aguirre's sole point of error. Counsel's motions to withdraw are granted, see Nichols
v. State, 954 S.W.2d 83, 86 (Tex. App.--San Antonio 1997, no pet.), and the trial court's orders of
revocation are affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH
1. Aguirre's court-appointed attorney filed briefs pursuant to Anders v. California, 386 U.S. 738 (1967), in
which she asserted that there are no meritorious issues to raise on appeal, and requested permission to withdraw from
the appeal. See Nichols v. State, 954 S.W.2d 83, 85-86 (Tex. App.-San Antonio 1997, no pet.). Aguirre, exercising
his right to proceed pro se, has filed a brief which we have liberally construed to give full effect to his contentions.