In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-049 CR


____________________



EVERETT KEITH HENRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 75069






MEMORANDUM OPINION


 Everett Keith Henry pleaded guilty to the state jail felony offense of delivery of a
controlled substance, cocaine, in an amount of less than one gram. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D), 481.112 (a),(b) (Vernon Supp. 2002). In
accordance with the terms of a plea bargain agreement, the trial court deferred adjudication
of guilt and placed Henry on community supervision. In a subsequent hearing, the trial
court found that Henry violated the terms of the community supervision order, proceeded
with adjudication, and sentenced Henry to two years of confinement in the Texas
Department of Criminal Justice, State Jail Facility. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 6, 2002, Henry was
given an extension of time in which to file a pro se brief. Henry filed a response that
raises two issues: 1) ineffective assistance of counsel; and 2) inaccuracies in the testimony
of the community supervision officer. Because the appeal involves the application of
well-settled principles of law, we deliver this memorandum opinion. See Tex. R. App. P.
47.1. 

 The trial court placed Henry on community supervision in accordance with the
terms of a plea bargain agreement. Therefore, Henry's general notice of appeal failed to
invoke our appellate jurisdiction over any issues relating to his conviction. Vidaurri v.
State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001). However, the notice effectively
invoked our jurisdiction to review the process by which he was sentenced and the
effectiveness of counsel during the punishment hearing. Id.; Kirtley v. State, 56 S.W.3d
48, 51-52 (Tex. Crim. App. 2001). 

 This appeal follows the revocation of deferred adjudication community supervision. 
Therefore, Henry cannot appeal the trial court's decision to adjudicate guilt. Connolly v.
State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2
(Tex. Crim. App. 1992). Appellate review is not available to the extent that either issue
raised by the appellant related to the trial court's decision to proceed with an adjudication
of guilt. Id. We shall address the appellant's complaints to the extent they bear the
potential for appellate review. 

 Henry claims that his attorney was not prepared for the hearing. There is, however,
no support for that claim in the appellate record. In order to prevail on a claim of
ineffective assistance, the record must affirmatively demonstrate the alleged
ineffectiveness. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The
appellant fails to overcome the presumption that counsel acted competently.

 Henry claims that the supervision officer's testimony contained several inaccuracies. 
There was, however, no objection to the presentence investigation report. Furthermore,
the officer was subject to cross-examination and rebuttal as both the supervision officer and
the appellant testified at the hearing. Thus, the appellant had the opportunity to correct or
clarify the report. 

 We have reviewed the clerk's and the reporter's records, and find no arguable error
requiring us to order appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). Accordingly, we affirm the trial court's judgment.

 AFFIRMED.


 PER CURIAM



Submitted on August 23, 2002

Opinion Delivered August 28, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.