In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-334 CR


____________________



MICHAEL LEE DOUGLAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 75782






 MEMORANDUM OPINION (1)


 Michael Lee Douglas pleaded guilty to the state jail felony offense of theft. Tex.
Pen. Code Ann. § 31.03(a),(e)(4)(A) (Vernon 2003). Following a plea bargain agreement
between Douglas and the State, the trial court deferred adjudication of guilt, then placed
Douglas on community supervision for five years. In a subsequent hearing, Douglas
pleaded true to allegations that he violated the terms of the community supervision order. 
The trial court assessed punishment at eighteen (18) months of confinement in the Texas
Department of Criminal Justice, State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On January 16, 2003, we
granted Douglas an extension of time in which to file a pro se brief. Douglas filed a
response that states no points of error and cites no authority, but discusses two issues: 1)
ineffective assistance of counsel; and 2) the judge's emotional state on the day of
sentencing. 

 The trial court placed Douglas on community supervision in accordance with the
terms of a plea bargain agreement. Therefore, Douglas's general notice of appeal failed
to invoke our appellate jurisdiction over any issues relating to his conviction. Vidaurri v.
State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001). However, the notice effectively
invoked our jurisdiction to review the process by which he was sentenced and the
effectiveness of counsel during the punishment hearing. Id.; Kirtley v. State, 56 S.W.3d
48, 52 (Tex. Crim. App. 2001). 

 This appeal follows the revocation of deferred adjudication community supervision. 
Therefore, Douglas cannot appeal the trial court's decision to adjudicate guilt. Connolly
v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1,
2 (Tex. Crim. App. 1992). Appellate review is not available to the extent that either issue
raised by the appellant related to the trial court's decision to proceed with an adjudication
of guilt. Id. We shall address the appellant's complaints to the extent they bear the
potential for appellate review. 

 Douglas claims that he was not comfortable with his attorney and told him so, but
that counsel told him he did not have a choice of counsel and that he could not obtain a
resetting of the court date. There is, however, no support for that claim in the appellate
record. In order to prevail on a claim of ineffective assistance, the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999). The appellant fails to overcome the presumption that
counsel acted competently.

 Douglas claims that the judge was in a very emotional state on the date of
sentencing because of the courtroom presence of a defendant, not Douglas, who had
murdered a lawyer.  There is no factual support for the claim and no objection in the
record. The issue was not preserved for appeal. See Tex. R. App. P. 33.1. 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is affirmed.

 AFFIRMED. 


 PER CURIAM



Submitted on April 24, 2003 

Opinion Delivered April 30, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.