Martinez v. SOT








NUMBER 13-02-00404-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

JESSE NORMAN MARTINEZ, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 105th District Court of Kleberg County, Texas.

 

MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa


 Pursuant to a plea agreement, appellant, Jesse Norman Martinez, pleaded guilty on May 27, 1998, to the
offense of aggravated sexual assault of a child. (1) In accordance with the plea agreement, the trial court
deferred adjudicating appellant's guilt, placed him on community supervision for five years, and assessed a
$500.00 fine.

 On April 18, 2002, the State filed a motion to adjudicate appellant's guilt. On May 29, 2002, the trial court
heard the motion and, pursuant to a plea bargain, appellant pleaded "true" to the State's allegations that he had
(1) failed to report to his community supervision officer, (2) failed to pay his supervision fee, and (3) failed to
attend and participate satisfactorily in a sex offender counseling program. The trial court found all the
allegations to be true, revoked appellant's community supervision, adjudicated him guilty of the offense of
aggravated sexual assault of a child, and in accordance with the plea agreement, assessed his punishment at
eight years imprisonment.

 Appellant's counsel has filed a brief in which he has concluded that this appeal is wholly frivolous and without
merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a
professional evaluation of why there are no arguable grounds for advancing an appeal. See Stafford v. State,
813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (citing High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. 1978)). Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of
all the proceeding[s] to decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988).

 Appellant's counsel has certified that he mailed a copy of the brief to appellant on September 16, 2002, and
that he informed appellant of his right to examine the appellate record and to file a pro se brief. To date, no
such brief has been filed.

 If appellant wished to appeal issues arising from the original plea proceeding in an appeal taken from that
proceeding, he must have done so at that time. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999). Because he waited until his community supervision had been revoked and his adjudication of guilt
formally made, we are without jurisdiction to consider an appeal from the original plea proceeding. Id. at 662. 


 In addition, appellant may not raise issues regarding the proceeding at which his community supervision was
revoked and his adjudication of guilt was formally made. SeeTex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828
S.W.2d 1, 2 (Tex. Crim. App. 1992). Further, the rules of appellate procedure provide that in a plea bargain
case, appellant may appeal only those matters raised by written motion filed and ruled on before trial, or after
getting the trial court's permission to appeal. See Tex. R. App. P. 25.2(a)(2). The record does not reflect that
appellant filed any written motions before the hearing on the motion to adjudicate guilt or that appellant
obtained the trial court's permission to appeal. Accordingly, we conclude we are without jurisdiction to
consider this appeal.

 We have carefully reviewed the appellate record and counsel's brief, find nothing in the record that might
arguably support the appeal, and agree with appellant's counsel that the appeal is wholly frivolous and without
merit.

 We dismiss this appeal for want of jurisdiction.


FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

12th day of June, 2003.

 

1. Tex. Pen. Code Ann. § 22.021 (Vernon 2003).