Palacios v. SOT















NUMBER 13-01-00811-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

VICTOR PALACIOS,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Wittig



Memorandum Opinion by Justice Hinojosa

          Appellant, Victor Palacios, pleaded guilty on March 28, 2000, to the offense of
indecency with a child. After accepting appellant’s guilty plea, the trial court deferred
adjudication of guilt, assessed a fine of $500, and placed him on community supervision
for ten years.
          On February 7, 2001, the State filed a motion to revoke, and on March 14, 2001, an
amended motion to revoke, alleging various violations of the conditions of appellant’s
community supervision, including: (1) the commission of several criminal offenses; (2) the
failure to report; (3) the failure to abstain from the use of alcohol; (4) the failure to pay
various costs; (5) the failure to participate in various counseling programs; and (6) the
failure to perform community service hours. Appellant pleaded “true” to the State’s
allegations that he failed to report, failed to pay various costs, failed to participate in various
counseling programs, and failed to perform community service hours. He pleaded “not
true” to the remaining allegations. After an evidentiary hearing, the trial court found that
appellant had violated numerous conditions of his community supervision order,
adjudicated him guilty of two counts of indecency with a child, and assessed his
punishment at fifteen years imprisonment. The trial court has certified that this case “is not
a plea-bargain case, and the defendant has the right of appeal.” See Tex. R. App. P.
25.2(a)(2).
                                                        A. Anders Brief
          Appellant’s court-appointed counsel filed an Anders brief on February 27, 2002,
asserting there is no basis for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). 
In the brief, counsel states that he has reviewed the clerk’s record and reporter’s record
and has concluded that appellant’s appeal is frivolous and without merit. See id. The brief
meets the requirements of Anders as it presents a professional evaluation showing why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991). In compliance with High v. State, 573 S.W.2d 807,
813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under the
controlling authorities, there are no errors in the trial court’s judgment.
          After reviewing counsel’s brief, we noted that counsel had not certified he had
informed appellant of his right to review the record and to file a pro se brief. See Johnson
v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994, pet. ref’d). On January 27, 2003,
we sent a letter to appellant’s counsel informing him that his brief failed to meet the
requirements of Anders, and ordered him to file an amended brief within ten days.
          On January 31, 2003, counsel filed an amended brief, asserting an ineffective
assistance of counsel claim. On February 3, 2003, the State filed a motion to strike the
amended brief and remand for appointment of new appellate counsel. On February 18,
2003, appellant filed a motion requesting that counsel’s amended brief be withdrawn. On
April 2, 2004, we granted appellant’s motion, dismissed as moot the State’s motion to
strike the amended brief, and denied the State’s motion to remand for reappointment of
new counsel.
B. Counsel’s Motion to Withdraw
          In accordance with Anders, appellate counsel has asked permission to withdraw as
counsel for appellant. See Anders, 386 U.S. at 744. We grant counsel’s motion to
withdraw.
C. Appellant’s Pro Se Brief
          Appellant filed a pro se brief on November 4, 2002. In the brief, appellant raises the
following five issues: (1) trial counsel was ineffective because he failed to object to untrue
statements in the record, failed to investigate and seek out possible evidence, and gave
erroneous advice to appellant that caused an involuntary plea; (2) the trial court improperly
admonished appellant; (3) the sentence received was disproportionate to the offense
committed; (4) the judge’s discretion is unlawful; and (5) appellate counsel was ineffective
because he filed an Anders brief before consulting with appellant.
D. Complaints Regarding Original Conviction and Adjudication
          Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides in
relevant part:
On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained
as provided in Section 21 of this article. The defendant is entitled to a
hearing limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge. No appeal may be taken from
this determination. After an adjudication of guilt, all proceedings, including
assessment of punishment, pronouncement of sentence, granting of
community supervision, and defendant’s appeal continue as if the
adjudication of guilt had not been deferred . . . .
 
Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004). Therefore, appellant
may not raise issues regarding the proceeding at which his community supervision was
revoked and his guilt was formally adjudicated. See id.; Connolly v. State, 983 S.W.2d
738, 741 (Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 
Furthermore, a defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceedings only in appeals taken when deferred
adjudication community supervision is first imposed. See Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999). Thus, we do not have the power to review appellant’s
issues regarding the effectiveness of trial counsel in the original proceeding, the
voluntariness of appellant’s guilty plea, or the trial court’s admonishments before entry of
the guilty plea.
E. Disproportionate Sentence
          Appellant contends that his sentence was “so greatly disproportionate as to be
completely arbitrary and shocking to the sense of justice.” However, appellant did not
inform the trial court that he objected to the sentence, either at the time of sentencing or
in any post-trial motion, on any grounds, nor did he object, under constitutional or other
grounds, to any part of the sentencing procedure or to the alleged disparity, cruelty,
unusualness, or excessiveness of the sentence.
          Even constitutional claims can be waived by the failure to object. Smith v. State,
721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve an error for appellate review,
a party must present a timely objection to the trial court, state the specific grounds for the
objection, and obtain a ruling. Tex. R. App. P. 33.1(a). Generally, an appellant may not
complain of an error pertaining to his sentence or punishment if he has failed to object or
otherwise raise error in the trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim.
App. 1986); see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.–Houston [1st Dist.]
1997, pet. ref'd) (claim of grossly disproportionate sentence violative of Eighth Amendment
waived by failure to object); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.–Corpus
Christi 1989, pet. ref'd) (failure to object to sentence as cruel and unusual waives error). 
Because appellant failed to preserve error, we overrule his issue regarding disproportionate
sentence.
F. Ineffective Assistance of Appellate Counsel
          Appellant contends he received ineffective assistance of counsel because appellate
counsel filed an Anders brief before consulting with appellant.
          The standard of review in ineffective assistance of counsel claims is that appellant
must show that: (1) counsel’s performance was deficient, and (2) the deficiency of
counsel’s performance caused prejudice to the defendant. See Strickland v. Washington,
466 U.S. 668, 687 (1984); Cardenas v. State, 30 S.W.3d 384, 391 (Tex. Crim. App. 2000). 
Such claims must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). There is a strong presumption that counsel’s conduct fell within the wide
range of reasonable professional assistance. Strickland, 466 U.S. at 689; Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
          Appellant’s contention that appellate counsel was ineffective because counsel failed
to consult with appellant regarding possible errors that appellant believes are worthy of
appeal and counsel filed an Anders brief, is not supported by the record. After reviewing
the record, we have found that appellant’s alleged errors lack merit. We cannot say that
appellate counsel was ineffective if he also found those alleged errors to have no merit. 
Because appellant failed to rebut the presumption that appellate counsel rendered
reasonable professional assistance, we overrule appellant’s issue regarding ineffective
assistance of appellate counsel.
          We affirm the judgment of the trial court. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
17th day of June, 2004.