Opinion filed April 19, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed April 19, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00329-CR 

                                                     _________

 

                                     ELIAS
TONCHE JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6412-D

 



 

                                                                   O
P I N I O N

This is an appeal from a judgment adjudicating
guilt.  We dismiss the appeal.

                                                           Procedural
Background








Elias Tonche Jr. originally entered a plea of
guilty to the offense of deadly conduct. 
The trial court deferred the adjudication of his guilt, placed him on
community supervision for six years, and assessed a fine of $1,000.  At the hearing on the State=s motion to adjudicate, appellant
entered pleas of true to all eight of the State=s
allegations that he violated the terms and conditions of his community
supervision.  The trial court found the
allegations to be true, revoked appellant=s
community supervision, and assessed his punishment at confinement for five
years.

                                                                  Issue
on Appeal

Appellant contends in his sole issue on appeal
that the trial court erred in denying his motion for new trial.  The only ground asserted in the motion for
new trial was that his pleas were involuntary. Appellant contends on appeal
that this argument concerning the voluntariness of his pleas is not barred by
the statutory prohibition concerning challenges to the trial court=s decision to adjudicate.

                                                       Applicable
Law and Analysis

Tex. Code
Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon 2006) provides:

On violation of a condition of community
supervision imposed under Subsection (a) of this section, the defendant may be
arrested and detained as provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the 
court of whether it proceeds with an adjudication of guilt on the
original charge.  No appeal may be taken
from this determination.

 

Davis v. State, 195
S.W.3d 708, 709 (Tex. Crim. App. 2006);  Hargesheimer v. State, 182 S.W.3d 906, 909
(Tex. Crim. App. 2006); Hogans v. State,
176 S.W.3d 829, 831 (Tex.
Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).  We disagree with appellant=s argument that he is not challenging
the trial court=s
decision to adjudicate.  The trial court=s reliance on his pleas of true to
proceed to adjudication of his guilt is the heart of his contentions on
appeal.  Appellant cannot use a motion
for new trial to circumvent the legislative prohibition of an appeal from the
decision to adjudicate. 

This court lacks jurisdiction to consider
appellant=s
issue.  Hogans, 176 S.W.3d at 831;
Phynes,  828 S.W.2d at 2; Russell
v. State, 702 S.W.2d 617, 618 (Tex. Crim. App. 1985).

                                                               This
Court=s Ruling

The appeal is dismissed.

 

 

RICK STRANGE

April 19,
2007                                                                          JUSTICE

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.