**David Scott PHYNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1132–90.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 26, 1992.

Rehearing Denied April 15, 1992.

Fred Tinsley, Dallas, for appellant.

Bruce Isaacks, Dist. Atty., and Jim E. Crouch, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BENAVIDES, Judge.

Appellant was charged with the misdemeanor offense of possession of marihuana and entered a plea of guilty. The trial court deferred adjudication and placed appellant on probation for a period of six months. Prior to the end of the probationary term, the State moved to adjudicate appellant's guilt. After conducting a hearing on the State's motion, the trial court found appellant guilty, imposed a fine of $800, and sentenced appellant to six months in jail. Notice of appeal was timely given and the conviction was affirmed in an unpublished opinion. *Phynes v. State*, No. 2–90–002–CR (Tex.App.—Fort Worth, delivered October 19, 1990).

On appeal, appellant argued that it was error for the trial court to proceed with the adjudication hearing when his attorney was not present.[1] Appellant urged the Court of Appeals to follow *Fuller v. State*, 653 S.W.2d 65, 66 (Tex.App.—Tyler 1983, no pet.). In *Fuller*, a case involving deferred adjudication, the Tyler Court of Appeals reversed an order of final adjudication because the appellant therein did not have counsel at the adjudication hearing. In the instant case, the Court of Appeals held that one may not appeal the trial court's deci-

---

**1.** No error was claimed or argued below with respect to the punishment portion of the trial court's judgment or the proceedings after the

adjudication. *See Issa v. State*, 826 S.W.2d 159 (Tex.Cr.App.1992).

sion to adjudicate. *Phynes,* slip op. at 2. Accordingly, the Court of Appeals did not address appellant's contention that he was denied the right to counsel at the hearing on the State's motion to adjudicate. We granted discretionary review to resolve an apparent conflict between *Fuller* and the opinion of the Court of Appeals in the instant case, and to determine whether an appeal may be taken from a hearing in which a trial court resolves to proceed with an adjudication of guilt on the original charge.[2] We will affirm.

Article 42.12, V.A.C.C.P., controls questions concerning adult probation and applications to revoke probation. Art. 42.-12, § 5(b) specifically provides that there shall be no appeal taken from the trial court's determination to adjudicate. It has long since been recognized that the United States Constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions.[3] It is clear, therefore, that a state may limit or even deny the right to appeal a criminal conviction. Similarly, as there is nothing in the Texas Constitution which guarantees the right to appeal a criminal conviction, that right is only as provided by the legislature. It naturally follows that when a legislative enactment says an accused may not appeal a determination to adjudicate, there is no right to do so. Therefore, even if appellant's right to counsel was violated, he may not use direct appeal as the vehicle which to seek redress. We note that while *Fuller* did recognize the right to counsel at the adjudication hearing and reversed the adjudication order for violation of that right, it did not address Article 42.12(5)(b). Thus the only shortcoming in *Fuller,* which we need address here, is not its declaration of the rights of the appellant therein to counsel, but, its allowance of a direct appeal to alleviate the violation of the purported right.

We hold that the Court of Appeals acted correctly in not reviewing appellant's claim that he was denied the right to counsel. We note, however, that although the Court of Appeals found that appellant could not appeal the trial court's decision to adjudicate, it affirmed the instant conviction. Given the court's resolution of appellant's claim, it should not have affirmed. The proper disposition would have been to dismiss the appeal. Accordingly, the judgment of the Court of Appeals is reformed to change the affirmance of the trial court's actions to a dismissal of the appeal. The court's judgment, as reformed, is affirmed.

MALONEY, Judge, joins with note:

I join this opinion notwithstanding that I believe that the defendant is entitled to counsel at the limited hearing of the determination by the Court as to whether it proceeds with an adjudication of guilt on the original charge. See 42.12 § 5(b), V.A.C.C.P.

CAMPBELL and OVERSTREET, JJ., concur in the result.

BAIRD, J., dissents.

---

2. This case does not involve an appeal of the denial of any pre-trial matters, and is unaffected by our previous decision in *Dillehey v. State,* 815 S.W.2d 623 (Tex.Cr.App.1991).

3. See, e.g., *McKane v. Durston,* 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867, 868–869 (1894).