TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-95-00430-CR

Clinton Ameil Worrell, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 6412, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING

PER CURIAM

 In December 1987, appellant pleaded guilty to an indictment accusing him of
indecency with a child. After finding that the evidence substantiated appellant's guilt, the district
court deferred further proceedings and placed appellant on probation for ten years. At a hearing
on the State's motion in May 1995, the district court adjudicated appellant guilty and assessed
punishment at imprisonment for twenty years.

 In his only point of error, appellant contends he was denied due process of law at
the adjudication hearing because the State did not comply with the statutory requirements
regarding the use of outcry testimony, (1) appellant was not given an accurate list of witnesses to be
called at the hearing, and completion of the hearing was unreasonably delayed. This contention
presents nothing for review. No appeal may be taken from the determination to proceed to
adjudication. Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Daniels v.
State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(West Supp. 1995). This statutory prohibition applies to alleged violations of constitutional rights. 
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (defendant may not complain of denial
of counsel at adjudication hearing on direct appeal). After adjudication of guilt, all proceedings,
including the appeal, continue as if adjudication of guilt had not been deferred. Art. 42.12, §
5(b).

 Appellant advances no point of error directed to the judgment of the district court. 
The judgment is accordingly affirmed. (2)

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 10, 1996

Do Not Publish

1.   Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b) (West Supp. 1996).
2.   In Phynes, announced February 26, 1992, the court stated that when a defendant attempts
to appeal from the determination to proceed to adjudication, the proper disposition is to dismiss
the appeal. In Olowosuko, announced March 11, 1992, the Court of Criminal Appeals stated that
the proper disposition in such a case is to affirm the judgment. Because Olowosuko appears to
be the Court of Criminal Appeals's last word on the subject, and because we believe it to be the
sounder rule for the reason stated in that opinion, we affirm the judgment of conviction in this
cause.