TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00266-CR

Daniel Cantu, Jr., Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT

NO. 96-111, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

Appellant Daniel Cantu, Jr., was placed on deferred adjudication community
supervision after he pleaded guilty to two counts of aggravated robbery. See Tex. Penal Code
Ann. § 29.03 (West 1994). The State subsequently filed a motion to revoke supervision and
proceed to adjudicate alleging several violations of the conditions of supervision. At a hearing,
appellant pleaded true to the alleged violations. The district court revoked supervision,
adjudicated guilt, and assessed punishment for each count at imprisonment for five years. The
court added a $1000 fine as to one count. (1)

Appellant brings forward three points of error contending the district court abused
its discretion by revoking community supervision. These points present nothing for review. No
appeal may be taken from the decision to proceed to adjudication. Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992);
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1999). A defendant whose deferred
adjudication supervision has been revoked and who has been adjudicated guilty may not raise on
appeal contentions of error in the adjudication process. Connolly v. State, 983 S.W.2d 738, 741 
(Tex. Crim. App. 1999). The points of error are dismissed. See id. at 741; Olowosuko, 826
S.W.2d at 942.

Because appellant does not advance any point of error directed to the district court's
judgments of conviction, the judgments are affirmed. See Olowosuko, 826 S.W.2d at 942.

 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: April 1, 1999

Do Not Publish

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The clerk's record contains separate judgments for each count.