Laura SAVERE, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–00–00854–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 12, 2001.

Joseph Acevedo, Law Offices of Joseph Acevedo, San Antonio, for Appellant.

Kevin P. Yeary, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Laura Savere ("Savere") was indicted for theft, specifically welfare fraud. In accordance with a plea bargain agreement, Savere was placed on deferred adjudication community supervision. Savere appeals the trial court's subsequent judgment, adjudicating her guilt and sentencing her to five years incarceration. We dismiss the appeal for lack of jurisdiction.

### BACKGROUND

Savere was indicted for theft, specifically welfare fraud. She pled guilty and was ordered to complete five (5) years deferred adjudication community supervision. The State subsequently filed a motion to adjudicate, alleging that Savere had violated a condition of her community supervision by failing to report to her supervision officer on fourteen (14) separate occasions. At the hearing on the motion to adjudicate, Savere pled true to the violation, explaining that she had to care for her grandchildren. The trial court ordered Savere's probation officer (Reneau) to conduct a home visit before the trial court made a decision.

Reneau reported back to the court that he contacted Savere on November 13, 2000, to arrange a home visit the next day. At the time, he questioned Savere about her grandchildren. Savere was unable to name the schools that her grandchildren attended. Based on that information, Reneau decided to make a home visit that day.

Reneau and Police Officer John Esquivel ("Esquivel") went together to conduct the home visit and were invited into the home by Savere to conduct the visit. Reneau found evidence that four children and another woman were living with Savere. There was no evidence to support Savere's claim that her son-in-law resided there as well. While looking through the room allegedly occupied by Savere's son-in-law, Esquivel located a dish of crack cocaine on a closet shelf. Savere testified that she never went into the room where the cocaine was found. Savere admitted that the photos introduced at trial depicting the open closet door were accurate representations of the condition of the room when the officers entered.

Savere was adjudicated guilty of welfare fraud, and her community supervision was revoked. Savere challenges the trial court's judgment on the grounds that the search of her home was conducted without warrant or consent.

### DISCUSSION

The record shows that the presence of narcotics was not the determining factor in the trial court's decision to adjudicate Savere. In any event, the trial court's decision to adjudicate Savere's guilt is not subject to appeal. TEX.CODE CRIM. PROC. art. 42.12 § 5(b); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Accordingly, we lack jurisdiction to consider any issue relating to the trial court's decision to adjudicate. *Phynes*, 828 S.W.2d at 2.

With regard to punishment, the trial court's ruling explicitly referred to Savere's repeated failure to report regularly to her probation officer. During the punishment hearing, the trial judge stated that she was not concerned with the narcotics allegations. The trial judge stated that her concern was that the amount of time Savere had gone without reporting. The trial judge explained that she had ordered the home visit to determine whether her explanation for failing to report, i.e., the need to take care of her grandchildren, was true. The home visit revealed that other people were living with

Savere who would have been able to take care of the children to enable Savere to report. More importantly, in view of Savere's original plea agreement, the only issue this court has jurisdiction to address with regard to punishment is an issue challenging the process by which Savere was sentenced. *See Vidaurri v. State*, 49 S.W.3d 880 (Tex.Crim.App. 2001). In this case, the trial court afforded Savere a separate punishment hearing, and Savere's claim that the search of her home was conducted without warrant or consent does not challenge the process by which she was sentenced. Accordingly, this court does not have jurisdiction to consider Savere's complaint.

## CONCLUSION

This appeal is dismissed for lack of jurisdiction.