NUMBER 13-01-488-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





DALLAS DWAYNE CLAVELLE , Appellant,



v.


THE STATE OF TEXAS , Appellee.




On appeal from the 252nd District Court

of Jefferson County, Texas.





O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

 

This is an appeal of the revocation of appellant Dallas Dwayne Clavelle's community supervision. Clavelle pled guilty,
without a plea bargain, to the offense of aggravated assault with a deadly weapon and was placed on ten years deferred
adjudication in May of 2000. A motion to revoke probation and adjudicate guilt was later filed and, at the hearing on the
motion, Clavelle pled true to two of the allegations therein. The court accepted the plea of true but took no action and reset
the hearing for ninety days. (1) At the subsequent hearing, the court found the allegations to which Clavelle had pled to be
"true." He then allowed both sides to argue, then adjudicated Clavelle's guilt and sentenced him to ten years incarceration
in the penitentiary. On appeal, Clavelle claims that the trial court abused its discretion in "revoking his probation." 

It is well settled that no appeal may be taken of a trial court's determination to adjudicate guilt. Tex. Code Crim. Proc. Ann.
art. 42.12, §5(b)(Vernon Supp. 2002);Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). A defendant does have a
limited right to challenge errors made following a determination to adjudicate. SeeIssa v. State, 826 S.W.2d 159, 161 (Tex.
Crim. App. 1992). However, no such complaints are presented in the instant appeal. Appellant does argue that his due
process rights were violated because his attorney requested some time to secure some verification of appellant's
employment, which request the court implicitly denied by proceeding forward with the hearing. (2) However, this request
and its "denial" took place prior to the determination to adjudicate and so is not subject to review. Tex. Code Crim. Proc.
Ann. art. 42.12, §5(b)(Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999)(holding that
an appellant whose deferred adjudication has been revoked and who has been adjudicated guilty "may not raise on appeal
contentions of error in the adjudication of guilt process," not just in the decision to adjudicate)(emphasis added); Phynes,
828 S.W.2d at 2 (holding that even the total lack of an attorney at the hearing to adjudicate may not be raised on appeal).

Appellant presents no errors nor raises any grounds for which this Court would have jurisdiction. We dismiss the appeal
for want of jurisdiction. 

 

ERRLINDA CASTILLO

Justice



Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of March, 2002.

1. Although the judge said he was resetting the case "for sentencing," no adjudication was entered at this hearing.

2. Appellant argues in his brief that "probably" some of the questions posed by the court about employment and a missed
drug assessment could have been verified if he had been given the time. Appellant's trial attorney asked the judge, "Is it
possible to have some time to receive verification of this city job? This is the first I hear about it." The judge then asked
the state for its position, which was to proceed, and then asked the defense, "Any comments?" to which the appellant
answered "No sir." After this, the hearing continued forward.