Opinion filed May 25, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed May 25, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00129-CR 

 

                                                    __________

 

                                 TRACY DEMOND JONES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 283rd District Court

 

                                                          Dallas
County, Texas

 

                                              Trial
Court Cause No. F03-58686-T

 



 

                                                                   O
P I N I O N                  

 

This is an appeal from a judgment adjudicating
guilt.  We dismiss the appeal.








Tracy Demond Jones originally entered a plea of
guilty to the offense of aggravated assault. 
Pursuant to a plea bargain agreement, the trial court deferred the
adjudication of guilt, placed appellant on community supervision for four
years, and assessed a $2,500 fine.  
After a hearing on the State=s
motion to adjudicate, the trial court found that appellant had violated the
terms and conditions of his community supervision by committing the offense of
assault on a public servant.  The trial
court revoked appellant=s
community supervision, adjudicated his guilt, and assessed his punishment at
confinement for twelve years. 

In his sole issue on appeal, appellant argues that
the evidence is insufficient to support the trial court=s
finding that he violated a term of his community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42.12, ' 5(b) (Vernon Supp. 2005) precludes an
appeal challenging the trial court=s
determination to proceed with the adjudication of guilt.  Hargesheimer v. State, 182 S.W.3d 906,
909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d 829, 831
(Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d 1 (Tex. Crim.
App. 1992); Olowosuko v. State, 826 S.W.2d 940 (Tex. Crim. App.
1992).  Therefore, appellant=s argument challenging the trial court=s decision to revoke is not properly
before this court and cannot be considered. 
Appellant=s issue
on appeal is dismissed for want of jurisdiction.

The appeal is dismissed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 25, 2006

Do not publish.  See
TEX. R. APP. P. 47.2(b).

Panel
consists of:  Wright, C.J, and

McCall,
J., and Strange, J.