Opinion filed November 30, 2006 















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00133-CR

                                                    __________

 

                              MELVIN EDWARD RAY, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
 Pinto County, Texas

 

                                                   Trial
Court Cause No.  12899

 



 

                                                                   O
P I N I O N

This is
an appeal from the adjudication of Melvin Edward Ray, Jr.=s guilt of the offense of aggravated
robbery.  We dismiss the appeal.








Appellant
originally entered a plea of guilty.  On
January 20, 2006, the trial court deferred the adjudication of guilt, placed
appellant on community supervision for ten years, and assessed a $4,000 fine.  On March 8, 2006, the State filed a motion to
adjudicate alleging that appellant had committed six violations of his
community supervision, including committing another aggravated robbery.  After a hearing, the trial court found that
appellant had violated the terms and conditions of his community supervision,
revoked his community supervision, adjudicated appellant=s guilt, and imposed a sentence of
confinement for fifty years and a $4,000 fine.

In his
sole point of error, appellant contends that the trial court abused its
discretion when it found that appellant had violated the terms and conditions
of his community supervision and proceeded to adjudicate his guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Davis
v. State, 195 S.W.3d 708, 709 (Tex. Crim.
App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex.
Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App.
1992).  Therefore, this point is
dismissed for want of jurisdiction.

The appeal is dismissed.

 

PER CURIAM

 

November 30, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.