Opinion filed March 22, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed March 22, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00280-CR 

                                                    __________

 

                                GARY WAYNE HALE, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. CR-17,057

 



 

                                                                   O
P I N I O N








This is an appeal from a judgment revoking
community supervision and adjudicating guilt. 
Originally, Gary Wayne Hale, Jr. entered a plea of guilty to the offense
of enticing a child.  Pursuant to the
plea bargain agreement, the trial court deferred the adjudication of guilt,
placed appellant on community supervision for 10 years, assessed a $3,000 fine,
and required appellant to perform 200 hours of community service.  The State filed a motion to adjudicate guilt
contending that appellant had violated the terms and conditions of his
community supervision by committing two offenses of aggravated sexual
assault.  The State alleged additional
violations in an amended motion to adjudicate. 
After the jury convicted appellant of the aggravated sexual assault
offenses, the trial court conducted a hearing on the motion to adjudicate.  Based on the evidence presented at the trial
of the aggravated sexual assault offenses, the trial court determined that
appellant had violated the terms and conditions of his community supervision,
revoked appellant=s
community supervision, adjudicated his guilt, assessed punishment at
confinement for 10 years, and assessed a $10,000 fine. We dismiss.

In two points of error on appeal, appellant
challenges the trial court=s
decision to adjudicate guilt by arguing that the trial court erred during his
aggravated sexual assault trial and that he received ineffective assistance of
counsel during his aggravated sexual assault trial.  These points are not properly before this
court in this appeal.  

Tex. Code
Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon 2006) precludes an appeal challenging the trial court=s determination to proceed with the
adjudication of guilt.  Phynes v.
State, 828 S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826
S.W.2d 940 (Tex. Crim. App. 1992).  We
note that appellant=s
arguments in his points of error in this appeal are the same arguments that he
raised in his direct appeal from his aggravated sexual assault convictions and
that this court has overruled appellant=s
points of error in the direct appeal.  Gary
Wayne Hale, Jr. v. State, No. 11-05-00281-CR (Tex. App.CEastland,
March 22, 2007).

Because appellant cannot appeal the trial court=s decision to adjudicate guilt, we
dismiss appellant=s
appeal.  Phynes, 828 S.W.2d at 2.

 

 

TERRY McCALL

JUSTICE

March 22, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.