COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                      NOS.
  2-06-276-CR 

        2-06-277-CR 

        2-06-278-CR

 

 

DAVID MICHAEL INGRAM                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

                                                    

MEMORANDUM
OPINION[1]

 

                                              ------------

 








Appellant David Michael
Ingram appeals his convictions for theft and two counts of aggravated robbery
with a deadly weapon.  In two points, he
complains that the trial court committed reversible error during sentencing by
failing to sua sponte withdraw his guilty pleas and plea of true because
evidence was introduced tending to show that he was not guilty of aggravated
robbery with a deadly weapon.  We affirm.

On October 11, 2004,
appellant pleaded guilty to theft and, based on a plea agreement, the trial court
deferred adjudicating him guilty and placed him on community supervision for
three years.  Subsequently, on December
14, 2005, a grand jury indicted appellant for two separate aggravated
robberies, which occurred in March and June of 2005.  In June 2006, appellant entered an open plea
of guilty to both aggravated robbery charges, and the trial court ordered the
preparation of a presentence investigation (PSI) report.

Meanwhile, in November 2005,
the State filed a motion to proceed with the adjudication of appellant=s guilt on the theft charge.  In
that motion, the State asserted that appellant had violated the terms of his
community supervision by committing two counts of aggravated robbery in March
2005 and one count of aggravated robbery in June 2005.   








On June 30, 2006, the trial
court held a hearing on appellant=s adjudication on the theft charge and assessed his punishment on the
theft and two aggravated robbery offenses. 
After hearing the testimony of appellant=s friend, girlfriend, and father and after taking judicial notice of
the contents of the PSI, the trial court found appellant guilty of the two
aggravated robbery offenses, adjudicated him guilty of the theft offense, and
sentenced him to twenty-five years= confinement in prison for each aggravated robbery offense and two
years in state jail for the theft offense.

In his first point, appellant
asserts that the trial court erred in the theft case by failing to sua sponte
withdraw his plea of true to the petition to proceed to adjudication because
evidence was introduced tending to show that he was not guilty of aggravated
robbery with a deadly weapon.  A
defendant who has been adjudicated guilty of the original charge following
revocation of community supervision may not complain of the decision to
adjudicate.[2]  Therefore, we dismiss appellant=s first point for lack of jurisdiction.








In his second point,
appellant asserts that the trial court erred in the aggravated robbery cases by
failing to sua sponte withdraw his guilty pleas because evidence was introduced
tending to show that he was not guilty of aggravated robbery with a deadly
weapon.  According to appellant, the PSI
report, of which the trial court took judicial notice, contained a statement by
Kelly Gibbs, appellant=s friend,
that appellant told a community supervision officer that he did commit the
robberies but that he used a toy gun.

It is well settled that a
defendant has the duty to timely withdraw his guilty plea and may not complain
for the first time on appeal that the trial court failed to withdraw the plea
for him.[3]  Therefore, the trial court had no duty to
withdraw appellant=s guilty
pleas in this case.  We overrule
appellant=s second
point.

We dismiss the appeal from the theft case and affirm the trial court=s judgment in the aggravated robbery cases.

PER CURIAM

PANEL
A:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED:  MAY 3, 2007   
                        











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art.
42.12, ' 5
(Vernon 2006) (providing that no appeal may be taken from a trial court=s
determination to proceed to adjudication of guilt); Davis v. State, 195
S.W.3d 708, 710 (Tex. Crim. App. 2006) (stating that with regard to deferred
adjudication, the Legislature authorized appeal of only two types of orders:
(1) an order granting deferred adjudication, and (2) an order imposing
punishment pursuant to an adjudication of guilt); see also Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (holding that defendant could not appeal
court=s
decision to adjudicate guilt even though counsel was not present at
adjudication hearing); Gareau v. State, 923 S.W.2d 252, 253 (Tex. App.CFort
Worth 1996, no pet.) (holding that court had no jurisdiction to hear appellant=s
claim of ineffective assistance of counsel relating to events at adjudication
hearing).  





[3]See
Mendez v. State, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004); Moon
v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978).