COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-06-276-CR 

        2-06-277-CR 

        2-06-278-CR

DAVID MICHAEL INGRAM APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant David Michael Ingram appeals his convictions for theft and two counts of aggravated robbery with a deadly weapon.  In two points, he complains that the trial court committed reversible error during sentencing by failing to sua sponte withdraw his guilty pleas and plea of true because evidence was introduced tending to show that he was not guilty of aggravated robbery with a deadly weapon.  We affirm.

On October 11, 2004, appellant pleaded guilty to theft and, based on a plea agreement, the trial court deferred adjudicating him guilty and placed him on community supervision for three years.  Subsequently, on December 14, 2005, a grand jury indicted appellant for two separate aggravated robberies, which occurred in March and June of 2005.  In June 2006, appellant entered an open plea of guilty to both aggravated robbery charges, and the trial court ordered the preparation of a presentence investigation (PSI) report.

Meanwhile, in November 2005, the State filed a motion to proceed with the adjudication of appellant’s guilt on the theft charge.  In that motion, the State asserted that appellant had violated the terms of his community supervision by committing two counts of aggravated robbery in March 2005 and one count of aggravated robbery in June 2005.   

On June 30, 2006, the trial court held a hearing on appellant’s adjudication on the theft charge and assessed his punishment on the theft and two aggravated robbery offenses.  After hearing the testimony of appellant’s friend, girlfriend, and father and after taking judicial notice of the contents of the PSI, the trial court found appellant guilty of the two aggravated robbery offenses, adjudicated him guilty of the theft offense, and sentenced him to twenty-five years’ confinement in prison for each aggravated robbery offense and two years in state jail for the theft offense.

In his first point, appellant asserts that the trial court erred in the theft case by failing to sua sponte withdraw his plea of true to the petition to proceed to adjudication because evidence was introduced tending to show that he was not guilty of aggravated robbery with a deadly weapon.  A defendant who has been adjudicated guilty of the original charge following revocation of community supervision may not complain of the decision to adjudicate.
(footnote: 2)  Therefore, we dismiss appellant’s first point for lack of jurisdiction.

In his second point, appellant asserts that the trial court erred in the aggravated robbery cases by failing to sua sponte withdraw his guilty pleas because evidence was introduced tending to show that he was not guilty of aggravated robbery with a deadly weapon.  According to appellant, the PSI report, of which the trial court took judicial notice, contained a statement by Kelly Gibbs, appellant’s friend, that appellant told a community supervision officer that he did commit the robberies but that he used a toy gun.

It is well settled that a defendant has the duty to timely withdraw his guilty plea and may not complain for the first time on appeal that the trial court failed to withdraw the plea for him.
(footnote: 3)  Therefore, the trial court had no duty to withdraw appellant’s guilty pleas in this case.  We overrule appellant’s second point.

We dismiss the appeal from the theft case and affirm the trial court’s judgment in the aggravated robbery cases.

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  MAY 3, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5 (Vernon 2006) (providing that no appeal may be taken from a trial court’s determination to proceed to adjudication of guilt);
 Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (stating that with regard to deferred adjudication, the Legislature authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt); 
see also Phynes v. State
, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (holding that defendant could not appeal court’s decision to adjudicate guilt even though counsel was not present at adjudication hearing); 
Gareau v. State
, 923 S.W.2d 252, 253 (Tex. App.—Fort Worth 1996, no pet.) (holding that court had no jurisdiction to hear appellant’s claim of ineffective assistance of counsel relating to events at adjudication hearing).
  

3:
See Mendez v. State
, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004); 
Moon v. State
, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978).