Opinion filed November 15, 2007 











 
 
  
 
 







 
 
  
 
 




Opinion filed November 15,
2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                       Nos. 11-06-00317-CR & 11-06-00318-CR

                                                    __________

 

                            CHARLES DELMON PEOPLES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                        Trial
Court Cause Nos. 6514-D & 6515-D 

 



 

                                                                   O
P I N I O N

These
are appeals from judgments adjudicating guilt.  We dismiss both appeals.








Charles
Delmon Peoples originally entered pleas of true to the offenses of possession
of a firearm by a felon[1] and
possession of less than one gram of cocaine.[2] 
Pursuant to the plea bargain agreements, the trial court deferred the
adjudication of appellant=s
guilt, placed appellant on community supervision for five years, and assessed a
fine of $1,000.  The trial court ordered that the periods of community
supervision run concurrently.  At the October 30, 2006 hearing on the State=s motions to adjudicate,
appellant entered pleas of true to all seven of the State=s allegations.  In each
case, the trial court found the allegations to be true, revoked appellant=s community supervision,
and adjudicated his guilt.  For the possession of a firearm by a felon
conviction, the trial court assessed appellant=s
punishment at confinement for two years.  For the possession of cocaine
conviction, the trial court assessed his punishment at confinement for ten
years.

In
his sole point of error, appellant contends that the trial court erred in
denying the motion to suppress in a companion case[3]
that was the basis for one of the State=s
seven allegations that he had violated the terms and conditions of his
community supervision.  In essence, appellant is challenging the trial court=s determination to revoke
and proceed with the adjudication of guilt.

The
hearing was conducted prior to the June 15, 2007 effective date of the
amendment to Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)
(Vernon Supp. 2007) allowing an appeal from the determination to adjudicate. 
Therefore, former Tex. Code Crim. Proc.
art. 42.12, ' 5(b)
(1999) and its prohibition concerning appeals from the determination to proceed
with the adjudication of guilt apply.[4] 

This
court lacks jurisdiction to consider appellant=s
point of error.  Hogans v. State, 176 S.W.3d 829, 831 (Tex. Crim. App.
2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Russell
v. State, 702 S.W.2d 617, 618 (Tex. Crim. App. 1985).

The
appeals are dismissed.

 

November 15,
2007                                                                 PER CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Cause No. 11-06-00317-CR.





[2]Cause No. 11-06-00318-CR.





[3]Cause No. 11-06-00319-CR is affirmed this same day in a
separate opinion.





[4]Former Article 42.12, section 5(b) provided:

 

On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the  court of whether it proceeds with an
adjudication of guilt on the original charge.  No appeal may be taken from
this determination (emphasis added).