COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ALMA TORRES, | | No. 08-07-00209-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 297th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC # 0606687D) |
| | § | |

## MEMORANDUM OPINION

Alma Torres appeals her sentence of twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and $5,000 fine. We dismiss for want of jurisdiction.

### FACTUAL SUMMARY

On January 2, 1996, a felony complaint was filed against Appellant. An indictment was returned alleging that she had committed delivery of a controlled substance of more than 400 grams. Appellant pled guilty pursuant to a plea agreement and upon written plea admonishments. She was found not guilty of possession with intent to deliver a controlled substance, and was placed on community supervision for a period of ten years.

On October 19, 2001, the State filed a petition to proceed to an adjudication of guilt. The petition was amended twice before a hearing was held. Appellant pled true to Paragraph 1, which alleged that she entered or attempted to enter the United States illegally on May 9, 2006. The trial court found her guilty of delivery of a controlled substance.

### JURISDICTION

The State contends that we lack jurisdiction to consider Appellant's complaint. We agree. The hearing on the motion to adjudicate was conducted prior to the effective date of an amendment to TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b)(Vernon Supp. 2008), allowing an appeal from the determination to adjudicate.[1] Former art. 42.12, § 5(b)(Vernon 2006) applies.[2] *Davis v. State*, 195 S.W.3d 708, 709 (Tex.Crim.App. 2006); *Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex.Crim.App. 2006); *Hogans v. State*, 176 S.W.3d 829, 831 (Tex.Crim.App. 2005); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). We dismiss the appeal for want of jurisdiction.

February 5, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)

---

[1] In this case, the hearing to proceed to an adjudication of guilt was held on May 18, 2007. The effective date of the statutory amendment was June 15, 2007.

[2] Former Article 42.12, section 5(b) provided:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* [Emphasis added].