COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





ALMA TORRES,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-07-00209-CR



Appeal from


 297th District Court


of Tarrant County, Texas


(TC # 0606687D)




MEMORANDUM OPINION



 Alma Torres appeals her sentence of twenty-five years' confinement in the Institutional
Division of the Texas Department of Criminal Justice and $5,000 fine. We dismiss for want of
jurisdiction.

FACTUAL SUMMARY


 On January 2, 1996, a felony complaint was filed against Appellant. An indictment was
returned alleging that she had committed delivery of a controlled substance of more than 400 grams. 
Appellant pled guilty pursuant to a plea agreement and upon written plea admonishments. She was
found not guilty of possession with intent to deliver a controlled substance, and was placed on
community supervision for a period of ten years. 

 On October 19, 2001, the State filed a petition to proceed to an adjudication of guilt. The
petition was amended twice before a hearing was held. Appellant pled true to Paragraph 1, which
alleged that she entered or attempted to enter the United States illegally on May 9, 2006. The trial
court found her guilty of delivery of a controlled substance.

JURISDICTION


 The State contends that we lack jurisdiction to consider Appellant's complaint. We agree. 
The hearing on the motion to adjudicate was conducted prior to the effective date of an amendment
to Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b)(Vernon Supp. 2008), allowing an appeal from the
determination to adjudicate. (1) Former art. 42.12, § 5(b)(Vernon 2006) applies. (2) Davis v. State, 195
S.W.3d 708, 709 (Tex.Crim.App. 2006); Hargesheimer v. State, 182 S.W.3d 906, 909
(Tex.Crim.App. 2006); Hogans v. State, 176 S.W.3d 829, 831 (Tex.Crim.App. 2005); Phynes v.
State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex.Crim.App. 1992). We dismiss the appeal for want of jurisdiction. 


February 5, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)

1. In this case, the hearing to proceed to an adjudication of guilt was held on May 18, 2007. The effective date
of the statutory amendment was June 15, 2007.
2. Former Article 42.12, section 5(b) provided:


 On violation of a condition of community supervision imposed under Subsection (a) of this
section, the defendant may be arrested and detained as provided in Section 21 of this article. 
The defendant is entitled to a hearing limited to the determination by the court of whether it
proceeds with an adjudication of guilt on the original charge. No appeal may be taken from
this determination. [Emphasis added].