COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

JOHN ANIGHORO,                              §

        Appellant,                      §        No. 08-07-00178-CR

v.                                          §        Appeal from the

THE STATE OF TEXAS,                         §        371st District Court

        Appellee.                       §        of Tarrant County, Texas

                               §        (TC#1023523D)

                               §

## O P I N I O N

On August 10, 2006, Appellant, John Anighoro (Anighoro) was indicted for the offense of Aggravated Assault with a Deadly Weapon. On September 18, 2006, Anighoro entered a guilty plea, pursuant to a plea agreement. Anighoro agreed to remain on deferred adjudication community supervision for seven years under certain terms and conditions. On May 18, 2007, a hearing was held on the State's Petition to Proceed to Adjudication.

Anighoro pled "True" to paragraph three alleging that he possessed a knife in violation of his probation term that he possess no weapons. Pat Houston, Anighoro's probation officer, introduced State's Exhibit 1, a photograph of Anighoro holding an AK-47 rifle. Anighoro claimed that it was not him in the photograph. Houston admitted not knowing when or where the photograph was taken. Houston could not establish whether the rifle in the photograph was in fact authentic. Additionally, Houston and a search team searched Anighoro's home, person, and car, finding State's Exhibit 20 (knife) in Anighoro's pocket and State's Exhibit 18 (knife) on a night stand in his bedroom. Houston commented that Anighoro told him that he used a knife in his work. Anighoro lived with his mother and his sister and did not claim ownership of State's

Exhibit 18, the knife found in his bedroom. No one ever took fingerprints of the knife.

Anighoro pled "Not True" to paragraph four, which required Anighoro to remain within Tarrant County unless prior authorization was granted by the Court or a supervision officer. During Anighoro's room search, Houston retrieved bar advertisements and music advertisement cards marked as State's Exhibits 8, 9, 13, 16, and 17. State's Exhibit 8 and State's Exhibit 9 have the date of March 18, 2007, depicted on them. Houston confirmed this date was within Anighoro's probation period. According to Houston, Anighoro admitted to having attended a car show in Dallas, located in Dallas County. Houston did not know the lapse of time that Anighoro spent at Dallas. Leticia Cabello, Anighoro's mother, then testified that Anighoro had left town in relation to his work on cars.

Anighoro pled "Not True" to paragraph five, which ordered Anighoro not to exhibit any gang affiliated signs or symbols or to dress or wear any clothing associated with any gang. In State's Exhibit 1, Anighoro is depicted flashing a gang sign with his left hand. Houston indicates that the hand sign is a toss for "Blood Killer," which signifies that Anighoro is not a part of the Blood gang and that he had killed a Blood. However, Houston also stated that the tossed sign could also mean B.K., and that it does not necessarily mean it can be interpreted as Blood Killer.

Anighoro pled "Not True" to paragraph six, prohibiting Anighoro from possession of any gang paraphernalia, such as emblems, writings or photos, or allow further tattooing on body parts. Houston stated that on September 18, 2006, the time Anighoro was originally placed on probation, he did not have any tattoos on his hands. State's Exhibit 1 depicts a tattoo on Anighoro's right hand. There is no written statement of Anighoro's physical appearance, but rather only mental notes from Houston. Additionally, while on probation, Anighoro got two new

2

tattoos that were not depicted in State's Exhibit 1 on his hands: "Playa" on his right hand and "Made" on his left hand. When asked, Anighoro claimed that his tattoos were not gang related. Houston explained that the tattooed words designated Anighoro as an active gang member who had been jumped in, or officially joined the gang. Furthermore, Houston testified to finding a pair of drug scales in Anighoro's car, State's Exhibit 19; a poster referring to marijuana in his bedroom, State's Exhibit 7; and graffiti on a bureau in his bedroom, State's Exhibit 4.

The State waived paragraph one. The Court found paragraph two to be "Not True." The Court also determined paragraphs three through six to be "True" and adjudicated Anighoro guilty.

In accord with the State's request, the court sentenced Anighoro to eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant raises a single issue on appeal, in which he challenges the sufficiency of evidence shown at his adjudication. However, in this case, his adjudication of guilt hearing was held on May 18, 2007. Prior to June 15, 2007, no appeal could be made on the trial court's adjudication of guilt, stemming from a violation of community supervision. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp. 2008);[1] *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992). We must, therefore, dismiss this appeal.

---

[1] In 2007, the Legislature amended Article 42.12, § 5(b) to provide for a right of appeal from the trial court's decision to adjudicate. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397. However, the amendment is prospective and applies to an adjudication hearing conducted on or after the effective date of the legislation, June 15, 2007, regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of deferred adjudication community supervision was committed. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen. Laws 4395, 4413.

3

DAVID WELLINGTON CHEW, Chief Justice

April 2, 2009

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., not participating

(Do Not Publish)