COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JOHN ANIGHORO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 

 

No. 08-07-00178-CR



Appeal from the


371st District Court


of Tarrant County, Texas


(TC#1023523D)


O P I N I O N


 On August 10, 2006, Appellant, John Anighoro (Anighoro) was indicted for the offense
of Aggravated Assault with a Deadly Weapon. On September 18, 2006, Anighoro entered a
guilty plea, pursuant to a plea agreement. Anighoro agreed to remain on deferred adjudication
community supervision for seven years under certain terms and conditions. On May 18, 2007, a
hearing was held on the State's Petition to Proceed to Adjudication.

 Anighoro pled "True" to paragraph three alleging that he possessed a knife in violation of
his probation term that he possess no weapons. Pat Houston, Anighoro's probation officer,
introduced State's Exhibit 1, a photograph of Anighoro holding an AK-47 rifle. Anighoro
claimed that it was not him in the photograph. Houston admitted not knowing when or where the
photograph was taken. Houston could not establish whether the rifle in the photograph was in
fact authentic. Additionally, Houston and a search team searched Anighoro's home, person, and
car, finding State's Exhibit 20 (knife) in Anighoro's pocket and State's Exhibit 18 (knife) on a
night stand in his bedroom. Houston commented that Anighoro told him that he used a knife in
his work. Anighoro lived with his mother and his sister and did not claim ownership of State's
Exhibit 18, the knife found in his bedroom. No one ever took fingerprints of the knife.

 Anighoro pled "Not True" to paragraph four, which required Anighoro to remain within
Tarrant County unless prior authorization was granted by the Court or a supervision officer. 
During Anighoro's room search, Houston retrieved bar advertisements and music advertisement
cards marked as State's Exhibits 8, 9, 13, 16, and 17. State's Exhibit 8 and State's Exhibit 9
have the date of March 18, 2007, depicted on them. Houston confirmed this date was within
Anighoro's probation period. According to Houston, Anighoro admitted to having attended a car
show in Dallas, located in Dallas County. Houston did not know the lapse of time that Anighoro
spent at Dallas. Leticia Cabello, Anighoro's mother, then testified that Anighoro had left town in
relation to his work on cars.

 Anighoro pled "Not True" to paragraph five, which ordered Anighoro not to exhibit any
gang affiliated signs or symbols or to dress or wear any clothing associated with any gang. In
State's Exhibit 1, Anighoro is depicted flashing a gang sign with his left hand. Houston indicates
that the hand sign is a toss for "Blood Killer," which signifies that Anighoro is not a part of the
Blood gang and that he had killed a Blood. However, Houston also stated that the tossed sign
could also mean B.K., and that it does not necessarily mean it can be interpreted as Blood Killer.

 Anighoro pled "Not True" to paragraph six, prohibiting Anighoro from possession of any
gang paraphernalia, such as emblems, writings or photos, or allow further tattooing on body
parts. Houston stated that on September 18, 2006, the time Anighoro was originally placed on
probation, he did not have any tattoos on his hands. State's Exhibit 1 depicts a tattoo on
Anighoro's right hand. There is no written statement of Anighoro's physical appearance, but
rather only mental notes from Houston. Additionally, while on probation, Anighoro got two new
tattoos that were not depicted in State's Exhibit 1 on his hands: "Playa" on his right hand and
"Made" on his left hand. When asked, Anighoro claimed that his tattoos were not gang related. 
Houston explained that the tattooed words designated Anighoro as an active gang member who
had been jumped in, or officially joined the gang. Furthermore, Houston testified to finding a
pair of drug scales in Anighoro's car, State's Exhibit 19; a poster referring to marijuana in his
bedroom, State's Exhibit 7; and graffiti on a bureau in his bedroom, State's Exhibit 4.

 The State waived paragraph one. The Court found paragraph two to be "Not True." The
Court also determined paragraphs three through six to be "True" and adjudicated Anighoro
guilty.

 In accord with the State's request, the court sentenced Anighoro to eighteen years'
confinement in the Institutional Division of the Texas Department of Criminal Justice.

 Appellant raises a single issue on appeal, in which he challenges the sufficiency of
evidence shown at his adjudication. However, in this case, his adjudication of guilt hearing was
held on May 18, 2007. Prior to June 15, 2007, no appeal could be made on the trial court's
adjudication of guilt, stemming from a violation of community supervision. Tex.Code
Crim.Proc.Ann. art. 42.12, § 5(b) (Vernon Supp. 2008); (1)
 Phynes v. State, 828 S.W.2d 1, 2
(Tex.Crim.App. 1992). We must, therefore, dismiss this appeal.


 DAVID WELLINGTON CHEW, Chief Justice


April 2, 2009


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating


(Do Not Publish)

1. In 2007, the Legislature amended Article 42.12, § 5(b) to provide for a right of appeal
from the trial court's decision to adjudicate. Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5,
2007 Tex. Gen. Laws 4395, 4397. However, the amendment is prospective and applies to an
adjudication hearing conducted on or after the effective date of the legislation, June 15, 2007,
regardless of when the adjudication of guilt was originally deferred or when the offense giving
rise to the grant of deferred adjudication community supervision was committed. Act of May 23,
2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen. Laws 4395, 4413.