**Opinion issued February 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-00911-CR**

**NO. 01-15-00912-CR**

**NO. 01-15-00913-CR**

———————————

**DREW PATTERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1430814, 1430815, & 1430816[1]**

**MEMORANDUM OPINION**

---

[1]     Appellate cause no. 01-15-00911-CR; trial court cause no. 1430814.
          Appellate cause no. 01-15-00912-CR; trial court cause no. 1430815.
          Appellate cause no. 01-15-00913-CR; trial court cause no. 1430816.

Appellant, Drew Patterson, was indicted for the offense of evading arrest or detention in the trial court cause number 1430814, and was indicted for two counts of aggravated assault in the trial court cause numbers 1430815 and 1430816, all on July 18, 2014. Appellant, proceeding *pro se* and incarcerated, filed a form notice of appeal in each case on August 22, 2014, and these appeals were assigned to this Court on October 26, 2015.[2]

However, appellant's notices of appeal are premature because the trial clerk's assignment letters stated that there was no judgment as of October 21, 2015, and the partial clerk's records, requested by the Clerk of this Court, confirm that there are no judgments of conviction. Appellant also filed *pro se* letter-motions for hybrid representation and an extension of time to pay for the records in this Court. We dismiss these appeals for want of jurisdiction and dismiss the motions as moot.

There is no constitutional right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CRIM. PROC.

---

[2]     The trial clerk filed an affidavit, dated October 19, 2015, attached to the partial clerk's records filed in this Court, explaining that appellant's filing of over 250 documents in the trial court had delayed the timely processing of these three cases to the appellate division of the trial clerk's office and assignment of the notices of appeals to this Court.

CODE ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2); *see also Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).

Because the partial clerk's record in each case reveals that there are no judgments of conviction or appealable orders adverse to appellant, and no certifications permitting appellant the right of appeal, we lack jurisdiction over these appeals. *See* TEX. R. APP. P. 25.2(d) (stating that criminal appeal must be dismissed if certification of right of appeal has not been made part of the record); *see, e.g.*, *Williams v. State*, No. 14-15-00837-CR, 2016 WL 145570, at *1 (Tex. App.—Houston [14th Dist.] Jan. 12, 2016, no pet. h.) (per curiam) (mem. op.) (not designated for publication) (dismissing appeal for want of jurisdiction because record contains no appealable order).

## CONCLUSION

Accordingly, we **dismiss** these three appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).