**Opinion issued March 3, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00540-CR

————————————

**MELVIN EARL ROBINSON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 71674**

---

## MEMORANDUM OPINION

On February 24, 2014, after appellant, Melvin Earl Robinson, Jr., pleaded guilty to the state-jail-felony offense of theft with two or more previous convictions, the trial court suspended appellant's two-year state-jail sentence by placing him on deferred adjudication community supervision for four years, pursuant to appellant's plea bargain with the State. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West

Supp. 2015); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(2)(A) (West Supp. 2015). After appellant pleaded true to most of the allegations in the State's petition for revocation of appellant's probated sentence, the court revoked appellant's community supervision and assessed his punishment at twelve months in state jail on November 21, 2014. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(f)(1). This judgment was not appealed.

On May 27, 2015, appellant, proceeding *pro se* and incarcerated, filed a motion in the trial court styled "Defendant[']s Motion for 20% Credit Pursuant to H.B. 2649," in which appellant requested that the trial court reduce his sentence by twenty percent for diligent participation. The trial court denied appellant's motion on June 1, 2015, and appellant attempted to appeal from the denial order. We dismiss the appeal for lack of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The Clerk of this Court requested that the trial clerk file a certification of appellant's right of appeal from the June 1, 2015 order, if any, in a supplemental clerk's record because there was no certification attached to the notice of appeal or included in the clerk's record. *See* TEX. R. APP. P. 25.2(a)(2), (d), 37.1. On December 9, 2015, the trial clerk filed in this Court a supplemental clerk's record including a certificate of fact confirming

2

that there was no certification of appellant's right of appeal in the trial court's records for the June 1, 2015 order.[1]

Although rule 25.2(d) requires this Court to dismiss a criminal appeal when the appellate record does not contain a certification showing that appellant has the right to appeal, rule 44.4 prohibits us from dismissing a criminal appeal based on the lack of a valid certification if the appellant has a right to appeal. *See* TEX. R. APP. P. 25.2(d), 44.4(a); *see also Dears*, 154 S.W.3d at 615. There is no constitutional right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CRIM. PROC. CODE ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Although Section 15(h)(6) of article 42.12 of the Texas Code of Criminal Procedure gives a sentencing judge the discretion to reduce a sentence by up to twenty percent if the defendant serving a state jail felony sentence satisfies certain conditions while "diligently participating in an educational, vocation, treatment, or

---

[1]   While it appears that appellant has since been released from custody, because a notice sent to him by the Clerk of this Court was returned to sender on January 13, 2016, with the following on the envelope: "RTS RELEASE[D]," this Court still must determine whether it has jurisdiction to review the order in question.

work program," there is no right of appeal from an order denying such credit. Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. Aɴɴ. art. 42.12, § 15(h)(1), (6) (noting that "[a] time credit under this subdivision is a privilege and not a right."). Because the records confirm that there are no judgments of conviction or appealable orders, and no certifications permitting appellant the right of appeal, we lack jurisdiction over this appeal. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d); *see, e.g.*, *Williams v. State*, No. 14-15-00837-CR, 2016 WL 145570, at *1 (Tex. App.—Houston [14th Dist.] Jan. 12, 2016, no pet. h.) (per curiam) (mem. op.) (not designated for publication) (dismissing appeal for want of jurisdiction because record contains no appealable order).

## CONCLUSION

Accordingly, we **dismiss** this appeal for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tᴇx. R. Aᴘᴘ. P. 47.2(b).