

# In the Court of Criminal Appeals of Texas

No. AP-77,116

EX PARTE JEDIDIAH ISAAC MURPHY, *Applicant*

On Direct Appeal from Denial of Writ of Habeas Corpus Under
Article I, § 12 of the Texas Constitution and Texas Code of
Criminal Procedure Article 11.05 in Cause No. W00-02424-M(D)
From the 194th Judicial District Court of Dallas County

YEARY, J., filed a dissenting opinion.

Appellant filed what purports to be an original application for the writ of habeas corpus in the district court. In that pleading, he claimed his application was authorized by Article I, Section 12, of the Texas Constitution and by Texas Code of Criminal Procedure Article 11.05.

TEX. CONST. Art. I, § 12; TEX. CODE CRIM. PROC. art. 11.05. Appellant sought by his pleading to have the district court grant an injunction against his execution, which is to be implemented by the administration of certain drugs that Appellant contends the State should be prohibited from using. The trial court denied relief on the basis that Appellant failed to meet the threshold burden required by the United States Supreme Court in *Glossip v. Gross*, 576 U.S. 863, 877 (2015).

Appellant now seeks to appeal the decision of the district court denying relief on his application. There is no general constitutional right to appeal criminal cases. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Appellant points to no authority suggesting that he has a right to appeal the decision of the trial court. As a result, this Court lacks a sufficient basis to conclude that its appellate jurisdiction has been properly invoked. Appellant's attempted appeal should be dismissed.

Even more importantly, by his purported application for habeas relief, Appellant sought to have the district court enjoin his execution. But this Court seems to have previously decided that "any order by another state court purporting to stay an execution unlawfully circumvents the exclusive jurisdiction of the Court of Criminal Appeals

in a death-penalty conviction." *Ex parte Alba*, 256 S.W.3d 682, 690 n.19 (Tex. Crim. App. 2008) (Cochran, J., concurring) (*citing State ex rel. Holmes v. Third Court of Appeals*, 885 S.W.2d 389, 395–96 (Tex. Crim. App.1994)). Therefore, regardless of the merits of Appellant's claim, the district court would have been without authority to grant the relief he requested.

Perhaps Appellant could have properly litigated his claim by resort to an application for the writ of mandamus or prohibition in this Court. But he has not attempted to do that. He has not even filed either: (1) a subsequent writ pursuant to Code of Criminal Procedure Article 11.071; or (2) an original application for the writ of habeas corpus in this Court, which we might conceivably have treated as an attempted invocation of our original jurisdiction to issue the writs of mandamus or prohibition.

I would dimiss the appeal. Becase the Court instead affirms the district court's denial of relief on the merits, I respectfully dissent.

**FILED:** October 9, 2023
**DO NOT PUBLISH**