

# In the Court of Criminal Appeals of Texas

No. AP-77,118

EX PARTE DAVID SANTIAGO RENTERIA,

*Applicant*

On Direct Appeal from Denial of Writ of Habeas Corpus
Under Article I, § 12 of the Texas Constitution and Texas
Code of Criminal Procedure Article 11.05 and Motion to
Stay the Execution in Cause No. 20020D00230
From the 327th Judicial District Court
El Paso County

YEARY, J., filed a dissenting opinion.

For the reasons stated in my recent dissenting opinion in *Ex parte Murphy*, I dissent to the Court entertaining the current attempted appeal on the merits. No. AP-77,116, 2023 WL 6586973 (Tex. Crim. App.

Oct. 9, 2023) (Yeary, J., dissenting) (not designated for publication). As I stated there:

> Appellant now seeks to appeal the decision of the district court denying relief on his application. There is no general constitutional right to appeal criminal cases. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Appellant points to no authority suggesting that he has a right to appeal the decision of the trial court. As a result, this Court lacks a sufficient basis to conclude that its appellate jurisdiction has been properly invoked. Appellant's attempted appeal should be dismissed.

*Id.* Here, similarly, Appellant fails to demonstrate that he has a right to appeal the decision of the trial court. The right to appeal is not inherent. In the absence of a demonstration of a right to pursue this attempted appeal, my vote is to simply dismiss it.

**FILED:**                                                  November 16, 2023
**PUBLISH**