NUMBER 13-06-486-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI - EDINBURG 


 


JASON RODRIGUEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 117th District Court of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant, Jason Rodriguez, appeals his conviction for indecency with a child by
exposure. See Tex. Pen. Code Ann. § 21.11 (Vernon 2003). Pursuant to a plea
agreement, appellant pleaded guilty to the offense. The trial court deferred adjudication and
placed appellant on community supervision for two years. Appellant subsequently pleaded
true to alleged violations of his community supervision terms. His community supervision
was revoked and he was adjudicated guilty of the underlying offense. Appellant was
sentenced to five years' imprisonment. We affirm.

I. Anders Brief


 Appellant's counsel has filed an Anders brief with this Court, in which he states that
he has reviewed the record and concludes that only one possible issue exists for appeal. 
See Anders v. California, 386 U.S. 738, 744 (1967). Counsel's brief further concludes that
the issue lacks merit and any appeal in this case would be frivolous. See id. The brief
meets the requirements of Anders as it presents a professional evaluation showing why
there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991) (en banc). In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1978), counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgment. Counsel has informed
this Court that he has (1) examined the record and has found no arguable grounds to
advance on appeal, (2) served a copy of the brief on appellant, and (3) informed appellant
of his right to review the record and to file a pro se brief. See Anders, 386 U.S. at 744; see
also Stafford, 813 S.W.2d at 509-10. More than thirty days have passed and no pro se brief
has been filed. 

II. Request for Stay 


 In his brief, counsel suggests that a possible point of appeal is whether the trial court
erred in denying appellant's request for a stay of the adjudication proceeding pending the
filing of a writ of habeas corpus on the issue of actual innocence. (1) However, both
controlling statute and case authority dictate that one cannot appeal from a decision to
adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006); Davis v.
State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) (stating "[w]e have recently reaffirmed
that this language means that "the courts of appeals do not have jurisdiction to consider
claims relating to the trial court's determination to proceed with an adjudication of guilt on
the original charge."); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). In effect,
the trial court's decision to proceed and adjudicate guilt under section 5 of article 42.12 is
a matter of "absolute nonreviewable discretion." See Davis, 195 S.W.3d at 708; Phynes,
828 S.W.2d at 2; Abdallah v. State, 924 S.W.2d 751, 754 (Tex. App.-Fort Worth 1996, pet.
ref'd). Therefore, even if this were an issue on appeal, we would lack jurisdiction to review
the trial court's decision to proceed with adjudication. 

III. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous. 
See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005); Stafford, 813 S.W.2d
at 509. Accordingly, we affirm the judgment of the trial court.

IV. Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked permission to withdraw
as counsel for appellant. See Anders, 386 U.S. at 744. We grant his motion to withdraw. 
We further order counsel to notify appellant of the disposition of this appeal and the
availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997) (per curiam). 


 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 21st day of June, 2007.
1. To the extent appellant attempts to challenge his actual innocence, we note that this Court lacks jurisdiction
over the issue because it relates to the original cause in which appellant received deferred adjudication
community supervision. See Hargesheimer v. State, 182 S.W.3d 906, 910-12 (Tex. Crim. App. 2006)
(endorsing the general rule set forth in Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), that
a defendant can raise appeals relating to original conviction only when first placed on deferred adjudication).