NUMBER 13-06-408-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


CHAD ROSS COFFEY, Appellant,


v.



THE STATE OF TEXAS , Appellee.

 




On appeal from the 377th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 

 On March 26, 2004, appellant, Chad Ross Coffey, pled guilty to possession of
chemicals with intent to manufacture a controlled substance and was sentenced to ten
years' deferred adjudication community supervision, assessed a $2,000 fine, and ordered
to complete 400 hours of community service. See Tex. Health & Safety Code Ann. §
481.124(a)(3) (Vernon Supp. 2006). The State subsequently filed a motion to adjudicate. 
A hearing on the motion was held on July 14, 2006, at which time the trial court adjudicated
appellant's guilt, sentenced him to fifteen years' imprisonment, and imposed a $2,000 fine
plus court costs. By two issues, appellant contends (1) the statutory prohibition on
appealing adjudication hearings violates the Fourteenth Amendment of the United States
Constitution, and (2) the trial court violated his right to due process of law by allowing the
State to present evidence, at the adjudication hearing, on allegations it had previously
abandoned. Both of these issues relate to the trial court's determination to adjudicate guilt. 
Accordingly, we dismiss the appeal.

 In his first issue, appellant argues that the prohibition on appealing the
determination of an adjudication hearing is unconstitutional. See Tex. Code Crim. Proc.
Ann. art. 42.12(5)(b) (Vernon 2006). However, it is well-settled that neither the Texas nor
United States constitutions guarantee a right to appellate review of criminal convictions,
and that the State may lawfully limit or deny the right to appeal a criminal conviction. 
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (specifically finding constitutional
the State's refusal of the right to appeal motions to adjudicate following a person's violation
of a deferred adjudication agreement); Ferreira v. State, No. 13-03-059-CR, 2004 Tex.
App. LEXIS 7436, at *3-*4 (Tex. App.-Corpus Christi Aug. 19, 2004, no pet.) (mem. op.,
not designated for publication). An appeal is available only when the Legislature has
authorized that appeal. See Phynes, 828 S.W.2d at 2. The Legislature has specifically
stated that no appeal may be taken from a trial court's determination to adjudicate guilt
following a deferred adjudication. Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App.
2006). The Texas Court of Criminal Appeals has made it clear that, given the plain
meaning of article 42.12, section 5(b), an appellant whose deferred adjudication probation
has been revoked and who has been adjudicated guilty of the original charge, may not
raise on appeal contentions of error in the adjudication of guilt process. See id.; Hogans
v. State, 176 S.W.3d 829, 832 (Tex. Crim. App. 2005); Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999); Connolly v. State, 983 S.W.2d 738, 740 (Tex. Crim. App.
1999); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); but see Nix v.
State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001) (recognizing a limited exception to
the Legislature's broad prohibition of appeals where the original judgment imposing
deferred adjudication was void, or a "nullity"). Appellant's first issue is overruled.

 By his second issue, appellant complains that the trial court violated his right to due
process by allowing the State at the adjudication hearing to present evidence on
allegations it had previously abandoned. Appellant's complaint challenges the trial court's
decision to adjudicate guilt, which is not permitted. See Tex. Code Crim. Proc. Ann. art.
42.12(5)(b); Phynes, 828 S.W.2d at 2; Olowosuko, 826 S.W.2d at 942. (1)
 Accordingly, we
dismiss appellant's second issue. 

 We dismiss the appeal.


 
 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and 

filed this the 19th day of July, 2007.



 


 

1. In Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992), the trial court revoked David Phynes'
deferred adjudication probation and adjudicated him guilty of the original charge, because, according to
the trial court, Phynes had violated the conditions of his probation. On direct appeal, Phynes argued that
the trial court had erred in proceeding with the revocation hearing because his attorney had not been
present. The Second Court of Appeals held that, under article 42.12, section 5(b), Phynes could not
appeal from the trial court's decision to adjudicate. Id. at 2. The Texas Court of Criminal Appeals agreed
with the reasoning of the Second Court of appeals, holding that, even if Phynes' right to counsel had been
violated, he could not use direct appeal as the vehicle by which to seek redress. Id.


 In Olowosuko v. State, 826 S.W.2d 940 (Tex. Crim. App. 1992), the trial court revoked Dantes
Olowosuko's deferred adjudication probation and adjudicated him guilty of the original charge after finding that
he had violated three conditions of his probation. Id. On direct appeal, Olowosuko argued that some of the
probation conditions had been vague and unenforceable, and that some of the allegations in the State's
motion to revoke had failed to state a violation. The Fifth Court of Appeals dismissed all of appellant's points
of error under the authority of article 42.12, § 5(b). See id. at 942. The Texas Court of Criminal Appeals
upheld the decision of the Fifth Court of Appeals, explaining that it had "held from the beginning of deferred
adjudication practice that the Legislature [had] meant what it said in Article 42.12, § 5(b)." Id.