Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00101-CR

                                                    __________

 

                                   MARLON WAGNER, Appellant

 

                                                         
V.

 

                                    
STATE OF TEXAS, Appellee



 

                                    On
Appeal from the 3rd District Court

 

                                                         Anderson
County, Texas

 

                                                      Trial
Court Cause No. 23650

 



M E M O R A N D U M   O P I N I O N

This
is an appeal from a judgment adjudicating appellant’s guilt.  On April 25,
1995, appellant pleaded guilty to the offense of aggravated robbery with a
deadly weapon.  Pursuant to a plea bargain, the trial court deferred
adjudication of appellant’s guilt and placed appellant on probation for ten
years.  The State subsequently filed a motion to adjudicate.  On December 5,
1997, the trial court revoked appellant’s deferred adjudication probation,
convicted appellant of the offense of aggravated robbery with a deadly weapon,
and assessed punishment at confinement for thirty-five years.  Trial counsel
failed to timely file a notice of appeal, but the Court of Criminal Appeals
found that appellant was entitled to the opportunity to file an out-of-time
appeal, which we now address.  Ex Parte Wagner, No. AP-76287, 2010 WL
465722 (Tex. Crim. App. Feb. 10, 2010).  We affirm.  

We
note that the hearing on the State’s motion to adjudicate was conducted prior
to the June 15, 2007 effective date of the amendment to Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2010), allowing an appeal from a determination to adjudicate.  Therefore,
former Tex. Code Crim. Proc. art.
42.12, § 5(b) (2005) and its prohibition concerning appeals from a
determination to proceed with the adjudication of guilt apply.[1] 
Davis v. State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer
v. State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State,
176 S.W.3d 829, 831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d
1, 2 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942
(Tex. Crim. App. 1992).  Former Article 42.12, section 5(b), however, does
permit an appeal from the trial court’s assessment of punishment following a
determination to proceed with an adjudication of guilt.  Kirtley v. State,
56 S.W.3d 48, 51 (Tex. Crim. App. 2001); see also Phynes, 828 S.W.2d at
1 n.1.        

In
his first issue, appellant argues that his punishment was excessive and grossly
disproportionate to the offense under both the United States and Texas
constitutions.  Wagner did not raise these claims in the trial court. 
Therefore, his first issue has not been preserved for review.  See Tex. R. App. P. 33.1; Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding cruel and
unusual punishment argument under Texas constitution was waived when appellant
failed to object at trial); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (holding cruel and unusual punishment argument under United
States Constitution was waived when appellant never objected on those grounds
at trial).  

Even
if the issue had been preserved for review, appellant has not demonstrated that
the punishment was excessive and grossly disproportionate.  The Eighth Amendment
prohibits punishment that is grossly disproportionate to the offense for which
a defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957,
1001 (1991); McGruder v. Puckett, 954 F.2d 313, 317 (5th Cir. 1992). 
The reviewing court must first compare the gravity of the offense with the
severity of the sentence.  Harmelin, 501 U.S. at 1001; McGruder,
954 F.2d at 317.  Appellant pleaded guilty to aggravated robbery with a deadly
weapon, a first degree felony punishable by a term of imprisonment of not more
than ninety-nine years or less than five years.  Tex. Penal Code Ann. §§ 12.32(a), 29.03(b) (Vernon 2011).  The
trial court assessed punishment at confinement for thirty-five years.  A
penalty assessed within the range of punishment established by the legislature
generally will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d
809 (Tex. Crim. App. 1984).  Appellant’s first issue is overruled.      

In
his second issue, appellant argues that it was error for the trial court to
adjudicate his guilt.  In particular, appellant contends that the trial court
used a probable cause or reasonable suspicion standard in finding true the
allegation that appellant had been in possession of a controlled substance.  Because
the law applicable to this case prohibits an appeal from a determination to
proceed with an adjudication of guilt, we lack jurisdiction to review this issue. 
Phynes, 828 S.W.2d at 2.  Appellant’s second issue is dismissed.     

The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

July 21, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 









                [1]Former
Article 42.12, section 5(b) provided: 

 

                On
violation of a condition of community supervision imposed under Subsection (a)
of this section, the defendant may be arrested and detained as provided in
Section 21 of this article.  The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge.  No appeal may be taken from this
determination (emphasis added). 





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.