**Opinion filed July 21, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00101-CR

_____

## MARLON WAGNER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 3rd District Court**

**Anderson County, Texas**

**Trial Court Cause No. 23650**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating appellant's guilt. On April 25, 1995, appellant pleaded guilty to the offense of aggravated robbery with a deadly weapon. Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt and placed appellant on probation for ten years. The State subsequently filed a motion to adjudicate. On December 5, 1997, the trial court revoked appellant's deferred adjudication probation, convicted appellant of the offense of aggravated robbery with a deadly weapon, and assessed punishment at confinement for thirty-five years. Trial counsel failed to timely file a notice of appeal, but the

Court of Criminal Appeals found that appellant was entitled to the opportunity to file an out-of-time appeal, which we now address. *Ex Parte Wagner*, No. AP-76287, 2010 WL 465722 (Tex. Crim. App. Feb. 10, 2010). We affirm.

We note that the hearing on the State's motion to adjudicate was conducted prior to the June 15, 2007 effective date of the amendment to TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010), allowing an appeal from a determination to adjudicate. Therefore, former TEX. CODE CRIM. PROC. art. 42.12, § 5(b) (2005) and its prohibition concerning appeals from a determination to proceed with the adjudication of guilt apply.[1] *Davis v. State*, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); *Hargesheimer v. State*, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006); *Hogans v. State*, 176 S.W.3d 829, 831 (Tex. Crim. App. 2005); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992). Former Article 42.12, section 5(b), however, does permit an appeal from the trial court's assessment of punishment following a determination to proceed with an adjudication of guilt. *Kirtley v. State*, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); *see also Phynes*, 828 S.W.2d at 1 n.1.

In his first issue, appellant argues that his punishment was excessive and grossly disproportionate to the offense under both the United States and Texas constitutions. Wagner did not raise these claims in the trial court. Therefore, his first issue has not been preserved for review. *See* TEX. R. APP. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding cruel and unusual punishment argument under Texas constitution was waived when appellant failed to object at trial); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and unusual punishment argument under United States Constitution was waived when appellant never objected on those grounds at trial).

Even if the issue had been preserved for review, appellant has not demonstrated that the punishment was excessive and grossly disproportionate. The Eighth Amendment prohibits punishment that is grossly disproportionate to the offense for which a defendant has been convicted. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *McGruder v. Puckett*, 954 F.2d

---

[1]Former Article 42.12, section 5(b) provided:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination* (emphasis added).

313, 317 (5th Cir. 1992). The reviewing court must first compare the gravity of the offense with the severity of the sentence. *Harmelin*, 501 U.S. at 1001; *McGruder*, 954 F.2d at 317. Appellant pleaded guilty to aggravated robbery with a deadly weapon, a first degree felony punishable by a term of imprisonment of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b) (Vernon 2011). The trial court assessed punishment at confinement for thirty-five years. A penalty assessed within the range of punishment established by the legislature generally will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984). Appellant's first issue is overruled.

In his second issue, appellant argues that it was error for the trial court to adjudicate his guilt. In particular, appellant contends that the trial court used a probable cause or reasonable suspicion standard in finding true the allegation that appellant had been in possession of a controlled substance. Because the law applicable to this case prohibits an appeal from a determination to proceed with an adjudication of guilt, we lack jurisdiction to review this issue. *Phynes*, 828 S.W.2d at 2. Appellant's second issue is dismissed.

The judgment of the trial court is affirmed.

PER CURIAM

July 21, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.