Phillip SCHALCHLIN *v.* STATE of Arkansas

CR 93-270                                         885 S.W.2d 2

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Appellant*, pro se.

*J. G. Molleston*, for counsel, Claudell Woods.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

PER CURIAM. In 1992 Phillip Schalchlin was found guilty by a jury of rape and sentenced to thirty years imprisonment. He was represented at trial by his retained attorney Claudell Woods. No appeal was taken, and Schalchlin, acting *pro se*, sought a belated appeal pursuant to Criminal Procedure Rule 36.9. This court granted the motion, accepted appellant's assertion of indigency, and appointed Mr. Woods to represent him in the appeal.

In February 1994 Mr. Woods filed a motion asking that this court permit the record on appeal to be lodged belatedly on the ground that he had the record in his possession in January 1994 but thought some other person, whom he did not name, would lodge it. We denied the motion on April 11, 1994, but said that

if Woods would concede that he was at fault for the late tender of the record or present some good cause for the failure to lodge the record in a timely fashion, the record would be lodged so that the appeal could proceed. *Schalchlin* v. *State*, CR 93-270 (April 11, 1994). Mr. Woods did not file a second motion accepting fault or alleging some good cause for the late tender of the record, and on August 24 the state moved to dismiss the appeal. The motion was denied and Mr. Woods was ordered to appear on October 3, 1994, to show cause why he should not be held in contempt. After being served with that order Mr. Woods did accept responsibility for the failure to lodge the record. At the show cause hearing Mr. Woods appeared with counsel, Mr. J.G. Molleston, and confessed to being in contempt of court. Mr. Woods stated that he had tendered his brief on behalf of the appellant. Mr. Woods also stated that a similar problem existed in the matter of *Young* v. *State*, (CR94-850), which we are handing down today.

Having considered the premises, the statements of counsel and Mr. Woods at the show cause hearing, and noting that identical developments occurred in another case in which Mr. Woods was attorney for appellant (*see Undra Sumlin* v. *State*, CR94-362), we direct Mr. Woods to file appellant's abstract and brief forthwith, find him to be in contempt of court, and impose a fine of $500.00 for such conduct.

It is so ordered.