ACCEPTED
03-15-00040-CR
4802371
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:10:01 AM
JEFFREY D. KYLE
CLERK

No. 03-15-0040-CR, 03-15-0041-CR & 03-15-0042-CR

# IN THE COURT OF APPEALS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:10:01 AM
JEFFREY D. KYLE
Clerk

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

---

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

From the 264th District Court of
Bell County, Texas,
the Honorable Judge Martha J. Trudo, presiding

### BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

Ken Mahaffey
Counsel for Appellant
P. O. Box 684585
Austin, Texas 78768
(512) 444-6557
St. Bar No. 12830050
*Ken_Mahaffey@yahoo.com*

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

IDENTITY OF JUDGE, PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . .  iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ix

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS. . . . . . . . . . . 2

LEGAL ISSUE EXAMINED NUMBER ONE. . . . . . . . . . . . . . . . . . . . . . . . . 4

      DID THE INDICTMENT VEST THE TRIAL COURT WITH
      JURISDICTION BY PROPERLY CHARGING APPELLANT WITH
      AN OFFENSE?

LEGAL ISSUE EXAMINED NUMBER TWO. . . . . . . . . . . . . . . . . . . . . . . . . . 5

      WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT THE
      CONVICTION?

LEGAL ISSUE EXAMINED NUMBER THREE. . . . . . . . . . . . . . . . . . . . . . . . 7

      DOES THE RECORD SHOW ANY IMPROPER EVIDENCE WAS
      ADMITTED CONCERNING PUNISHMENT?

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment and their counsel in the trial court:

1. Trial Judge    Martha J. Trudo
          264th District Court
          P.O. Box 324
          Belton, Texas  76513

2. Appellant:    Kody Broxton
          Bartlett State Jail
          01972710
          1018 Arnold Drive
          Bartlett TX 76511

3. Defense Counsel:  Michael White
          Attorney at Law
          100 Kasber Dr
          Temple TX 76502

4. The State of Texas:  Fred Burns
          Bell Co. D. A.'s Office
          P.O. Box 540
          Belton, Texas  76513

# INDEX OF AUTHORITIES

CASES:

STATE:

*Adames v. State*, 353 S.W.3d 854 (Tex. Crim. App. 2011),
   cert. denied, 132 S.Ct. 1763 (2012). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Crawford v. State*, 617 S.W.2d 925 (Tex. Crim. App. 1980) .. . . . . . . . . . . 6

*Duron v. State*, 551 S.W.2d 547 (Tex. Cr. App. 1997).. . . . . . . . . . . . . . . 4

*High v. State*, 573 S.W.2d 807 (Tex. Cr. App. 1978). . . . . . . . . . . . . . . . . 3

*Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984). . . . . . . . . . . . . 7

*Johnson v. State*, 885 S.W.2d 641 (Tex. App. --
   Waco 1994, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Phynes v. State*, 828 S.W.2d 1 (Tex. Cr. App. 1992). . . . . . . . . . . . . . . . . 2

*Stafford v. State*, 813 S.W.2d 503 (Tex. Cr. App. 1991). . . . . . . . . . . . . . 2, 3

FEDERAL:

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396,
   18 L.Ed.2d 493 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

STATE CONSTITUTION:

Art. V, §12, TEX. CONST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATUTES:

    Art. 4.05, Tex. Code of Crim. Proc. (Supp. 2015). . . . . . . . . . . . . . . . . . . . . 4

    Art. 44.02, Tex. Code of Crim. Proc. (1979). . . . . . . . . . . . . . . . . . . . . . . . 2

    Sec. 12.35 (a) & (b), Tex. Penal Code Ann. (2013). . . . . . . . . . . . . . . . . . . 7

    Sec. 31.03 (a), Tex. Penal Code Ann. (2013). . . . . . . . . . . . . . . . . . . . 4, 5, 7


RULES:

    Rule 25.2, Tex. R. App. Proc. (West 2003). . . . . . . . . . . . . . . . . . . . . . . . 2

    Rule 3.03, Texas Rules of Prof. Conduct. . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF PROCEDURAL HISTORY

Kody Broxton was indicted for Theft of property more than $1500 but less than $20,000 in four cases in Bell County, Texas. Appellant entered an un-negotiated plea of guilty to each offense. After a trial before a judge, Appellant was convicted and sentenced to two years state jail, concurrently. On November 21, 2014, Appellant perfected an appeal to this Court. The cases were assigned appellate cause numbers 03-15-0040-CR, 03-15-0041-CR, 03-15-0042-CR and 03-15-0043-CR.

New counsel was appointed on appeal. Appellate counsel received and reviewed the Clerk's and Reporter's Records. After this review, counsel determined that the record does not support any argument that could conceivably convince an appellate court to reverse the judgment of conviction or order a new hearing on punishment in appellate cause numbers 03-15-0040-CR, 03-15-0041-CR and 03-15-0042-CR . An arguable issue was discovered in cause number 03-15-0043-CR and a separate brief was filed in that cause.

Because counsel could find no meritorious issues to argue in the other causes appeal, he has filed a Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This brief is presented to support counsel's conclusion that this record shows no reversible error. Appellant was personally served by certified mail with a copy of the motion, this supporting brief

v

and instructions on how to obtain the record and file a *pro se* brief. A copy of the letter and evidence demonstrating notice to Appellant is attached to the Motion to Withdraw.

# STATEMENT OF FACTS

## I. Overview.

Appellant entered an un-negotiated plea of guilty to four indictments for theft of metal. (RR2 6 - 7). The trial court heard evidence and sentenced appellant to two years in all four cases running concurrently. Trial counsel filed notices of appeal in each case. The only arguable issue discovered by counsel's review of the record concerns restitution ordered in cause number 71838 in which a separate brief has been filed.

## II. Facts of Offense.

For several months, Delta Centrifugal, a metal and machine shop in Bell County, Texas, had been experiencing thefts of bulk metal from its storage yard. (RR3 6 - 7). A hole had been cut in the fence surrounding the yard. (RR3 8). Just before midnight on September 7, 3013, a manager for Delta Centrifugal, Kevin Canfield, decided to make a security check of the yard. (RR3 8).

Canfield apprehended Appellant and two co-defendants taking metal from the yard. (RR3 8). It appears appellant had once briefly worked for the company some two years before the offense. (RR3 16, 27). Delta Centrifugal recovered stolen materials from appellant's truck. (RR3 10 - 11). Appellant took responsibility for this

theft and also confessed to three other thefts from Delta Centrifugal on dates prior to the date he was arrested. (RR3 28).

## III. Restitution Amount.

Canfield testified Delta Centrifugal had lost $64,000 dollars worth of materials over a several month period. (RR3 16). He was unable to attribute a specific amount to any date other than the date appellant was arrested. (RR3 16, 18). The company did recover $7000 dollars worth of materials from appellant's truck at the time of his arrest. (RR3 10 - 11). Canfield agreed he could not say appellant was responsible for the other losses included in the $64,000 dollars. (RR3 17). He also agreed it would be unfair to require appellant to make restitution for any materials he did personally take. (RR3 17).

Delta Centrifugal's president Robert Rose also testified. (RR3 21). Rose did not give any figure concerning the lost materials. He stated insurance did not cover the loss. (RR3 25 - 26).

Appellant testified that he believed he had taken materials worth from $15,000 to $20,000 dollars. (RR3 30 - 31). He also stated that "I'd say about 15 to 20 is what we got from scrap, so possibly actual value maybe at the most 40, total. And that's doubling." (RR3 31). The trial court also asked him directly, "So you're thinking at

least that you stole at least $40,000 from them, you want to pay it back." (RR3 43).

To which appellant responded, "Yes, ma'am." (RR3 43).

The trial court imposed sentences of two years state jail in each case to be served concurrently. The only issue discovered by counsel's review concerns the restitution order in cause number 03-15-0043-CR, in which a separate brief was filed. Because no restitution was ordered in the remaining cause numbers and counsel has discovered no arguable issues from a review of the record, counsel now tenders this brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

# IN THE COURT OF APPEALS

# FOR THE THIRD SUPREME JUDICIAL DISTRICT

# OF TEXAS

---

KODY BROXTON, Appellant

VS.

THE STATE OF TEXAS, Appellee

---

## BRIEF PURSUANT TO ANDERS v. CALIFORNIA SUPPORTING COUNSEL'S CONCLUSION THAT THE RECORD CONTAINS NO REVERSIBLE ERROR

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Ken Mahaffey, counsel for appellant, Kody Broxton, and respectfully submits this Brief.

## STATEMENT OF THE CASE

This is an appeal from three convictions for Theft of property more than $1500 but less than $20,000. Counsel has reviewed both the Clerk's and Reporter's records. Counsel did not find a meritorious issue to for reversal. Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), an appointed appellate counsel who finds no reversible error in the record must move to withdraw from

1

representation. Counsel has moved to withdraw and this brief is filed in support of that motion.

## DISCUSSION OF RULES GOVERNING FRIVOLOUS APPEALS

There is no Federal or State constitutional right of appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Cr. App. 1992). Texas criminal defendants do have statutory appellate rights. Art. 44.02, Tex. Code of Crim. Proc. (1979); Rule 25.2, Tex. R. App. Proc. (West 2015). These statutory rights include a constitutional right to counsel. *Stafford v. State*, 813 S.W.2d 503, 509 (Tex. Cr. App. 1991). Not all appeals contain reversible errors or meritorious issues. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

"[A] defendant's right to assistance of counsel does not include the right to have an attorney urge frivolous or unmeritorious claims." *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App. -- Waco 1994, no pet.). An attorney also has a duty to disclose contrary authority to the court. Rule 3.03, Texas Rules of Prof. Conduct, Vol 3A, Tex. Gov't Code Ann. (2015). It is also improper for an attorney to make a misleading or unsupported argument. *Id*.

Before determining that an appeal is frivolous, counsel must thoroughly review the record and research any issues that may have merit. *Johnson v. State*, 885 S.W.2d

2

at 645. If appellate counsel is unable to find any issue that could "conceivably" persuade a reviewing court to reverse, then counsel has a duty to withdraw. *Id*.

Appellate counsel has two additional duties. First, he must file a brief discussing the record and detailing why each cognizable issue does not constitute reversible error. *Anders*, 87 S.Ct at 1400; *High v. State*, 573 S.W.2d 807, 808 (Tex. Cr. App. 1978). Second, he must notify appellant of the right to file a *pro-se* brief. *Anders*, 87 S.Ct at 1400; *Johnson*, 885 S.W.2d at 646. This notice must also include a copy of the *Anders* brief and instructions on how to gain access to the appellate record. *Id.* A copy of the letter sent to Appellant is attached as an exhibit to the "Motion to Withdraw" filed along with this brief.

The appellate court also has a duty to independently review the case. *Johnson*, 885 S.W.2d at 647. This includes determining that the appellate attorney conducted a diligent search of the record for any arguable claims. *Id*. The reviewing court must also conduct its own "...full examination of all the proceedings..." to ensure the appeal is indeed devoid of any meritorious issues. *Id*., *quoting Anders*, 87 S.Ct. at 1400. If the court finds an arguable claim, new counsel should be appointed. *Stafford*, 813 S.W.2d at 511. If no meritorious issues are found, then the conviction must be affirmed.

3

## LEGAL ISSUES EVALUATED BY COUNSEL

**LEGAL ISSUE EXAMINED NUMBER ONE:**

DID THE INDICTMENT VEST THE TRIAL COURT WITH JURISDICTION BY PROPERLY CHARGING APPELLANT WITH AN OFFENSE?

## ARGUMENT AND AUTHORITIES

An indictment vests the court with jurisdiction and charges a defendant with an offense if it ". . .accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute. . ." *Duron v. State*, 956 S.W.2d 547, 550 - 551(Tex. Cr. App. 1997); Art. V, §12, TEX. CONST. Here, each indictment names appellant and specifically details certain acts allegedly committed.

The language of the indictment charges an offense under Sec. 31.03 (a), Tex. Penal Code Ann. (2013). It states a date within the applicable limitation period, identifies Appellant and tracks the statutory language. (CR 03-15-0040-CR p. 4; CR 03-15-0041-CR p. 4; CR 03-15-0042-CR p. 4). District courts have felony jurisdiction. Art. 4.05, Tex. Code of Crim. Proc. (2015). The record does not contain any objections to the indictment. Because it charges appellant with an offense, it vested the trial court with jurisdiction and is sufficient under Article V, § 12 of the Texas Constitution. *Duron, supra,* 956 S.W.2d at 550 - 55. Counsel could not identify

4

any legitimate legal argument from the record that could convince an appellate court to reverse based on the indictment.

**LEGAL ISSUE EXAMINED NUMBER TWO:**

> WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT THE CONVICTION?

## ARGUMENT AND AUTHORITIES

**I. Elements of the Offense.**

Appellant was charged with Theft of property more than $1500 but less than $20,000. The elements of the offense, under the penal code and the indictment, are as follows:

1.  appellant;
2.  knowing or intentionally;
3.  unlawfully appropriated;
4.  by acquiring and otherwise exercising control;
5.  over property described as metal;
6.  with a value over $1,500.00 or more but less than $20,000.00;
7.  from Kevin Canfield, the owner thereof;
8.  without the effective consent of the said owner; and
9.  with intent to deprive the said owner of the property.
10.

*See* Sec. 31.03, Tex. Penal Code Ann. (2013); (CR 03-15-0040-CR p. 4; CR 03-15-0041-CR p. 4; CR 03-15-0042-CR p. 4).

## II. Standard of Review.

When determining "legal sufficiency," appellate courts view the evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 360 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), cert. denied, 132 S.Ct. 1763 (2012). The evidence must support a finding of guilt beyond a reasonable doubt on each element of the offense. *Jackson*, 99 S.Ct. at 2789; *Geesa*, 820 S.W.2d at 161.

## III. Plea of Guilty Supports Judgment.

Appellant plead guilty in open court. (RR2 6 - 7). Appellant also made a judicial confession at the time he entered his plea. (RR2 8). Furthermore, in his sentencing hearing appellant also testified he committed the offenses as alleged in the indictments. (RR3 28). A plea of guilty admits all facts necessary to legally support a conviction. *Crawford v. State*, 617 S.W.2d 925, 929 (Tex. Crim. App. 1980) . The evidence is sufficient to support a judgment of conviction. *Id*.

**LEGAL ISSUE EXAMINED NUMBER THREE:**

DID THE TRIAL COURT ABUSE ITS DISCRETION BY IMPOSING THE MAXIMUM TERM OF INCARCERATION?

**ARGUMENT AND AUTHORITIES**

The indictments alleged theft of property valued at more than $1,500 but less

6

than $20,000. Sec. 31.03, Tex. Penal Code Ann. (2013). These offenses are all state jail felonies with a range of punishment of from 180 days to two years in the state jail and a fine up to $10,000. Sec. 12.35 (a) & (b), Tex. Penal Code Ann. (2013).

Appellant entered a plea of guilty to each indictment. (RR2 6 - 7). When a defendant pleads guilty without a State's recommendation as to punishment, the trial court may impose a sentence anywhere within the statutory range of punishment. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)("It is the general rule that as long a sentence is within the proper range of punishment it will not be disturbed on appeal."). The only recommendation by the State was that all sentences run concurrently. (RR2 7).

The trial court did grant concurrent sentences. (RR3 57).The trial court sentenced appellant to two years in the state jail and did not impose a fine. (RR3 65). These sentences are within the statutory range of punishment. Sec. 12.35 (a) & (b), Tex. Penal Code Ann. (2013). Counsel cannot identify any issue that would convince a reviewing court to reverse the sentences imposed in this case.

**LEGAL ISSUE EXAMINED NUMBER THREE:**

DOES THE RECORD SHOW ANY IMPROPER EVIDENCE WAS ADMITTED CONCERNING PUNISHMENT?

7

## ARGUMENT AND AUTHORITIES

The trial court heard evidence concerning the nature of the crime and the value of the items taken. Appellant testified admitting he committed the offense in the manner in which the State's witnesses described it. (RR3 27 - 29). There was a hearsay objection to a reference to the police report concerning the value of the stolen property. (RR3 11). The trial court sustained that objection and does not appear to have considered this inadmissible evidence. *Id*. This is shown by the trial court's reliance on appellant's own testimony concerning the value of the stolen property. (RR3 56). Counsel could discover nothing in the record that would support a proper legal argument that any evidence was improperly admitted or considered.

# **PRAYER FOR RELIEF**

WHEREFORE, PREMISES, CONSIDERED, the undersigned counsel respectfully requests that he be permitted to withdraw from representation in this appeal and that the Court independently review the record to determine if indeed there are no arguable points to raise in these appeals and if an issue is found appoint new counsel for appellant.

Respectfully Submitted,

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*

9

**CERTIFICATE OF SERVICE**

The above signature certifies that on April 3, 2015, this document was sent to the Bell County D.A.'s Office,  P.O. Box 540, Belton, Texas  76513 and to Kody Broxton, 01972710, 1018 Arnold Drive, Bartlett State Jail,  Bartlett TX 76511. The above signature also certifies that this document contains 2863 words in compliance with Rule 9.4, Tex. R. App. Proc. (2015)(not to exceed 15,000 words).

No. 03-15-0040-CR, 03-15-0041-CR & 03-15-0042-CR

| KODY BROXTON | ) | IN THE COURT OF APPEALS |
| V. | ) | FOR THE THIRD SUPREME |
| STATE OF TEXAS | ) | JUDICIAL DISTRICT OF TEXAS |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, Ken

Mahaffey, court-appointed counsel for appellant, Kody Broxton, in the above referenced appeal, do

hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying Anders brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3. advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4. explained the process for obtaining the appellate record, provided a Motion for *Pro Se* Access to the Appellate Record lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5. informed appellant of his right to seek discretionary review *pro se* should this Court declare his appeal frivolous.

Respectfully Submitted,

*Ken Mahaffey*

Ken Mahaffey
Counsel for Appellant
P.O. Box 684585
Austin, Texas 78768
Phone & Fax (512) 444-6557
St. Bar. No. 12830050
*Ken_Mahaffey@yahoo.com*